# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEWIS, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**MAVERICK TRANSPORTATION LLC, and LYTX, INC.,**<br><br>**Defendants.** | Case No. _____<br><br>**REMOVAL FROM THE CIRCUIT COURT OF MADISON COUNTY, ILLINOIS**<br><br>CASE NO.: 2021-L-1379 |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendants Maverick Transportation, LLC ("Maverick") and Lytx, Inc. ("Lytx") jointly remove to the United States District Court for the Southern District of Illinois, the civil action pending against them in the Circuit Court of Madison County, Illinois. Defendants remove this case on the grounds of traditional diversity jurisdiction, 28 U.S.C. §1332(a), and the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). In support of removal, Defendants state as follows:

1. Plaintiff Joshua Lewis ("Plaintiff") filed a three-count Biometric Information Privacy Act ("BIPA") putative Class Action Complaint ("Complaint") in the Circuit Court of Madison County, Illinois, on November 17, 2021, entitled *Joshua Lewis, individually and on behalf of others similarly situated v. Maverick Transportation LLC, and Lytx, Inc.*, Case No. 2021L001379 (the "State Court Action").

2. Pursuant to 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon ... defendants" in the State Court Action are attached hereto as **Exhibit A**.

1

3. The Complaint alleges that Maverick outfitted its 1,650 truck fleet with Lytx's DriveCam device, which allegedly scans its drivers' facial geometry. (Ex. A, Compl ¶¶2, 4.) The Complaint further alleges that Defendants collected plaintiff's biometric identifiers and biometric information (*i.e.*, scans of his facial geometry) without first complying with Section 15(b)'s notice and consent requirements and failed to comply with Section 15(a)'s publicly-available retention and destruction policy. The Complaint also asserts that Lytx allegedly profited from its technology's purported scans of facial geometry in violation of Section 15(c). (*Id.*, Counts I-III.)

4. Plaintiff served the Summons and Complaint on Defendants on December 10, 2021. This Notice of Removal is timely filed within 30 days of December 10, 2021. *Id.* §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

## VENUE IS PROPER

5. The Circuit Court of Madison County, Illinois, is located within the United States District Court for the Southern District of Illinois. 28 U.S.C. §93(c). This Court is the proper venue because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## ALL REQUIREMENTS FOR TRADITIONAL DIVERSITY JURISDICTION ARE MET

6. Pursuant to 28 U.S.C. §1332(a), this is a civil action over which this Court has original jurisdiction and therefore may be properly removed to this Court because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of cost and interests.

*Complete Diversity Exists Among The Parties*

7. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a)(1). In the class action context, courts look only to the citizenship of the named parties. *See F & H.R. Farman-Farmaian Constulting Engineers Firm v. Harza Engineering Co.*, 882 F.2d 281, 284 (7th Cir. 1989) ("only the citizenship of the named plaintiffs matters for diversity purposes" in class action context).

8. The Complaint alleges Plaintiff is a citizen of Illinois. (Ex. A, Compl. ¶16).

9. Maverick is an Arkansas limited liability corporation. (Declaration of Debbie Mitchell, attached as **Exhibit B**, ¶4). For purposes of diversity jurisdiction, a limited liability corporation's citizenship is the citizenship of each of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

10. Maverick's sole member is Maverick USA, Inc. (Ex. B, ¶4). Maverick USA, Inc. is an Arkansas corporation with its principal place of business at 13301 Valentine Rd. in North Little Rock, Arkansas, where the company performs its executive and administrative functions. (*Id.* ¶5). Maverick is therefore a citizen of Arkansas.

11. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

12. Lytx is a Delaware corporation. Its principal place of business is in San Diego, California, where it is headquartered and its executives direct, control and coordinate Lytx's activities and administration. Lytx is therefore a citizen of Delaware and California. (Declaration of John LeBlanc, attached as **Exhibit C**, ¶3.)

13. Because Plaintiff is diverse from Defendants, complete diversity exists in this action.

### *The Amount In Controversy Exceeds $75,000.00*

14. While the Complaint does not affirmatively specify the amount of damages sought, the matter in controversy requirement is satisfied because it appears that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. §1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Plaintiff seeks $5,000 in statutory damages for "each intentional and/or reckless violation of BIPA." (Ex. A, Compl. ¶¶84, 93, 101). Plaintiff alleged he was "regularly directed" to "operate his truck within the state of Illinois multiple times per week." (*Id.* ¶60). It is plausible that he seeks to recover statutory damages for each day he drove a truck fitted with the DriveCam device in Illinois.[1] In that case, Plaintiff's claimed damages would exceed $75,000 if Plaintiff's facial

---

[1] Defendants do not concede that the DriveCam device or Maverick's use of this technology violated BIPA, or that they violated BIPA in any fashion.

4

geometry was scanned on only 16 occasions during the time period he drove a truck outfitted with the DriverCam device in Illinois.[2]

16. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Ex. A, Compl., ¶¶84, 93, 101, Prayer for Relief (E)). *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'"). Accordingly, Plaintiff's request for attorneys' fees increases the matter in controversy further beyond the $75,000 threshold.

17. Importantly, Defendants do *not* agree or concede Plaintiff or the putative class is entitled to any damages under BIPA and denies the validity and merit of Plaintiff's BIPA claims. But, for purposes establishing jurisdiction in this Court, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original).

### ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET

18. Removal is also proper because this Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. §1332(d). CAFA grants district courts original jurisdiction over any putative class action in which (1) there is minimal diversity amongst the parties; (2) there are more

---

[2] Plaintiff alleges Maverick installed the DriveCam device in its fleet in March 2020 (Ex. A, Compl., ¶ 18), and that Plaintiff was employed with Maverick on that installation date through August, 2021. (Ex. B, ¶ 7).

than 100 putative class members in the aggregate; and (3) the amount in controversy exceeds $5,000,000 (excluding interest and costs). *Id.* These requirements are all met.

*Plaintiff Alleged A "Class Action" Under CAFA*

19. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

20. The Complaint alleges a BIPA class action on behalf of two putative classes: (1) "All Maverick employees who are Illinois residents and had their biometrics collected, captured, received, or otherwise obtained, by Defendants while within the State of Illinois" (the Maverick Class); and (2) "All residents of the State of Illinois who had their biometrics collected, captured, received or otherwise obtained by Lytx while within the State of Illinois" (the Lytx Class). (Ex. A, Compl. ¶67.) Accordingly, this action is properly considered a "class action" under CAFA.

*Minimal Diversity Exists Between The Parties*

21. As discussed above, Plaintiff is a citizen of Illinois, while Maverick is a citizen of Arkansas and Lytx is a citizen of Delaware and California. *Supra*, ¶¶7-13.

*There Are More Than 100 Putative Class Members*

22. Plaintiff alleged there were "hundreds of persons or more" in the proposed classes. (Ex. A, Compl. ¶69.)

23. In the Maverick class, there would be at least 55 putative class members. (Ex. B, ¶6.) There would also be at least 60 putative members in the Lytx class. (Ex. C, ¶4.) The 100 putative class member threshold under CAFA, therefore, is met.[3] *See* 28 U.S.C. §1332(d)(5)

---

[3] Plaintiff's two alleged class definitions assume Defendants collected, captured, received, or otherwise obtained putative class members' biometric information. Defendants deny this allegation, and do *not* concede Defendants

6

(CAFA jurisdiction applies where "the number of members of all proposed plaintiff classes in the aggregate" is at least 100).

### *The Amount in Controversy Exceeds $5,000,000.00* [4]

24. The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA, as it "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6).

25. Plaintiff seeks $5,000 in statutory damages for "each intentional and/or reckless violation of BIPA" and alleged he was directed to operate his truck "multiple times per week." (Ex. A, Compl. ¶¶60, 84). It is plausible that Plaintiff seeks to recover statutory damages for each time his facial geometry and the facial geometry of each putative class member was scanned.

26. For the Maverick class alone, the purported damages are $5,225,000 aggregated if we multiply 55 putative Maverick class members by one scan of facial geometry per day by 19 days driving by $5,000 per scan. (*See* Ex. B, ¶6.) *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (removing party need only plausibly explain how the amount in controversy exceeds $5 million to establish federal jurisdiction under CAFA); *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (Peatry's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members" used the fingerprint scanner at issue in the lawsuit).

27. The $5,000,000 threshold is further exceeded when the putative Lytx Class members are considered. The purported damages are $5,100,000 aggregated across the Lytx Class if we multiply 60 putative Lytx Class members by one scan of facial geometry per day by 17 days driving

---

collected, captured, received, or otherwise obtained putative class members' biometric information or violated BIPA in any manner.
[4] Defendants again deny any liability in this case. *See* ¶ 17, *supra*, and ¶ 30, *infra*.

7

by $5,000 per scan. (Ex. C, ¶6.) Thus, for purposes of setting forth grounds for the Court's jurisdiction under CAFA, the "matter in controversy" aggregated across the putative Lytx Class plausibly exceeds $5,000,000.

28. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Ex. A, Compl., ¶¶84, 93, 101, Prayer for Relief (E).) *See Hart*, 253 F.3d at 274 (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken*, 333 F.3d at 799 ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'"). Accordingly, Plaintiff's request for attorneys' fees increase the matter in controversy further beyond the $5,000,000 threshold.

29. Under CAFA, Defendants need only show that there is a "reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

**RESERVATION OF RIGHTS**

30. Defendants' filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which Defendants expressly deny, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

31. Under 28 U.S.C. §1446(d), Defendants will promptly give written notice of the filing of the Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Madison County, Illinois.

**WHEREFORE**, Defendants respectfully request that this litigation be removed from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

January 10, 2022 Respectfully submitted,

**POLSINELLI PC**

By: ___*/s/ Jason N.W. Plowman*___
    SCOTT M. GILBERT (ARDC #6282951)
    150 N. Riverside Plaza
    Suite 3000, Chicago, IL 60606
    Telephone: (312) 819-1900
    Facsimile: (312) 819-1910
    sgilbert@polsinelli.com

    JASON N.W. PLOWMAN
    (admitted S.D. Ill. 12.20.21)
    KAITLIN E. GALLEN
    (motion for S.D. Ill. admission forthcoming)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    Telephone: (816) 753-1000
    Facsimile: (816) 753-1536
    jplowman@polsinelli.com
    kgallen@polsinelli.com

ATTORNEYS FOR DEFENDANT
MAVERICK TRANSPORTATION, LLC

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

    ANNE E. LARSON (ARDC #6200481)
    (motion for S.D. Ill. admission forthcoming)
    155 North Wacker Drive
    Suite 4300
    Chicago, IL 60606
    Telephone: (312) 558-1253
    anne.larson@ogletree.com

ATTORNEYS FOR DEFENDANT LYTX, INC.

## CERTIFICATE OF SERVICE

  The undersigned hereby certify that on this 10th day of January, 2022, a true and correct copy of the above and foregoing was mailed via U.S. Mail and electronically filed with the Clerk of the Court by using the Court's eFiling System, which sends a notice of electronic filing constituting service to the following:

J. Dominick Larry (IARDC #6309519)
NICK LARRY LAW LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law

Randall K. Pulliam*
David F. Slade*
Samuel R. Jackson*
CARNEY BATES AND PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
rpulliain@cbplaw.com
dslade@cbplaw.com
sjackson@cbplaw.com
*pro hac vice appearance forthcoming

Attorneys for Plaintiff and the Class

              /s/  Jason N.W. Plowman
              Attorney for Defendant
              Maverick Transportation, LLC

**Error! Unknown document property name.**