# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made by and between Plaintiff Joshua Lewis, ("Lewis" or "Plaintiff"), on behalf of himself and the Settlement Class (defined below), and Defendant Maverick Transportation, LLC ("Maverick").

## RECITALS

WHEREAS, on November 17, 2021, Plaintiff, individually and on behalf of a putative Class filed a lawsuit against Maverick and Lytx, Inc. ("Lytx") (collectively the "Defendants") in the Circuit Court of Madison County, Illinois, Case No. 2021L001379, alleging claims for various violations of Illinois' Biometric Information Privacy Act ("BIPA"). This Agreement pertains specifically to Lewis and Maverick (collectively the "Parties").

WHEREAS, on January 10, 2022, Defendants filed a Joint Notice of Removal, removing the action from the Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois (the "Court"), Case No. 3:22-cv-00046-NJR (the "Action").

WHEREAS, the Parties have engaged in an extensive informal exchange of information regarding the DriveCam Technology, including explaining the technology to Plaintiff, videoconferences with the Senior Manager, Applied Machine Learning from Lytx to answer Plaintiff's questions and answering pages of follow-up questions from Plaintiff and Plaintiff's consultant.

WHEREAS, Maverick expressly denies all allegations of wrongdoing and liability. Plaintiff maintains the strength of his position, the validity of his claims, and the propriety of class certification in this Action. The Court has not made any determination regarding the merits of Plaintiff's claims. Nonetheless, the Parties have concluded that further litigation would be time consuming and expensive. They therefore desire to fully and finally settle the claims against Maverick on the terms and conditions set forth herein (the "Settlement") and release any disputes among them related to the Action.

WHEREAS, the Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

WHEREAS, Plaintiff and Plaintiff's Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interest of the Settlement Class as a means of resolving the claims against Maverick.

WHEREAS, this Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the

Page 1 of 14

Action, or of any fault on the part of Defendant. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the mutual promises made herein, the Parties, agree and acknowledge:

1.  <u>For Settlement Purposes Only</u>.  This Agreement is entered into to resolve all disputes among Plaintiff, the Settlement Class and Maverick. The Parties acknowledge that Plaintiff's and Settlement Class members' claims against Lytx, are ongoing in the Action. The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the Settlement is not preliminary and finally approved, this Agreement is null and void and may not be used by the Parties for any purpose whatsoever.

2.  <u>The Settlement Class</u>.  The Parties agree to the following Settlement Class:

All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick while within the State of Illinois during the time period of five years before the Action was filed through the date this Agreement is fully executed.

Excluded from the Settlement Class are Maverick, along with its parents, subsidiaries, affiliates and control persons, including its officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Action, and members of the federal judiciary.

3.  <u>Conditional Certification of the Settlement Class</u>.

3.1  Within ten (10) days of the execution of this Agreement, Plaintiff shall file an unopposed Motion for Preliminary Approval of the Settlement, attaching this Agreement with exhibits, wherein he will move the Court for (1) entry of a Preliminary Approval Order, preliminarily approving the Settlement as fair, adequate, and reasonable (substantially in the form attached as Exhibit A), (2) conditional certification of the Settlement Class for purposes of settlement only, (3) appointment of Plaintiff as the Settlement Class Representative and Plaintiff's Counsel as counsel for the Settlement Class ("Class Counsel"), (4) approval of the notice program and procedures for objecting and requesting exclusion, and (5) setting a hearing date for a Final Fairness Hearing. Solely for the purposes of the Settlement, Maverick shall not oppose the motion. A condition precedent to this Agreement is the Court's approval of the Agreement.

3.2  In accordance with the deadlines set by the Court, Plaintiff will also submit a motion requesting (1) entry of a Final Approval Order finding the

Settlement to be fair, adequate, and reasonable (substantially in the form attached as Exhibit C), (2) confirmation of the conditional certification of the Settlement Class, (3) approval of the notice program as the best notice practicable under the circumstances and in accord with due process, Rule 23, and applicable law, (4) exclusion of the those individuals who requested exclusion from the Settlement Class, (5) dismissal of the Action on the terms and conditions set forth herein.

4.     The Settlement Terms.

4.1     In consideration for the complete and final settlement of the claims against it, the Releases, and other promises and covenants set forth herein, Maverick agrees to pay Fifty-Six Thousand, Eight Hundred Dollars ($56,800) into a common fund for the benefit of the Settlement Class (the "Settlement Fund").

4.2     Within fourteen (14) days of entry of the Court's Preliminary Approval Order, Maverick shall transfer by wire the entirety of the Settlement Fund into a Qualified Settlement Fund ("QSF") pursuant Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. Class Counsel and Maverick shall agree on the FDIC-insured financial institution at which the QSF shall be established. Any interest earned shall accrue to the benefit of the Settlement Class. Any bank fees associated with the QSF shall be paid by the escrow agent from the Settlement Fund.

4.3     Good Faith. The Parties agree to act in good faith to cooperate to effectuate and implement all terms and conditions of this Settlement Agreement and to obtain the fullest possible participation of all members of the Settlement Class in the Settlement. If the Court does not grant preliminary or final approval, or if such approval is reversed on appeal, the Parties will seek in good faith to revise the Agreement. If the Parties have not entered into a written modification of the Settlement Agreement within thirty (30) days of such occurrence, the Settlement Fund shall be refunded to Maverick, less notice and administrative costs and fees actually incurred and paid. Subsequent level developments (other than the denial of or reversal of approval) will justify renegotiating the settlement.

4.4     For purposes of Internal Revenue Code of 1986 Section 468B and Treas. Reg. Section 1.468B-2(k)(3), Class Counsel will be the Qualified Settlement Administrator ("Settlement Administrator") and will timely and properly file all information and other tax returns necessary or available with respect to the settlement amounts including without limitation the returns described in Treas. Reg. Sections 1.468B-2(k)(1) and

1.468B-(2)(l). The returns will be consistent with this Agreement and in all events will reflect that all taxes including any estimated taxes, interest, or penalties arising with respect to the income earned by the deposited Collective Settlement Fund will be paid out of the Collective Settlement Fund. All taxes, expenses, and costs incurred relating to the operation and implementation of this Paragraph, including, without limitation, any expenses of tax counsel or accountants and mailing costs and expenses relating to the filing or failing to file any returns (hereinafter "tax expenses") will be paid out of the Maximum Settlement Amount and income earned on this amount. Taxes and tax expenses will be treated as, and considered to be, a cost of administering the individual settlement amounts and the Qualified Settlement Administrator will be obligated to withhold from individual settlement amounts any funds necessary to pay such taxes and tax expenses and any taxes that may be required to be withheld pursuant to Treas. Reg. Section 1.468B-2(l)(2).

4.5    The Settlement Fund shall be a collective settlement fund that should be used to pay, in the following order:  settlement administration expenses other than those set forth in Paragraph 5.1, any court-awarded attorneys' fee, litigation expenses, and settlement payments to the members of the Settlement Class.

4.6    Unless a Settlement Class Member submits a valid and timely request for exclusion (as described in Paragraph 6.1 below), he or she will automatically receive a pro rata distribution from the Settlement Fund less any settlement administration expenses, and court-approved attorneys fees and costs. Settlement payments made from the Settlement Fund to the members of the Settlement Class will be treated 100% as payment for alleged penalties, and Maverick will issue an IRS Form 1099 to the Settlement Class member. Settlement Class members, including Plaintiff, will be solely responsible for reporting and payment of any taxes.

5.    <u>Notice and Settlement Administration</u>.

5.1    Within fourteen (14) days of entry of the Court's Preliminary Approval Order, Maverick will provide Plaintiff's Counsel the name and last-known mailing address, as reflected in the records of Maverick, of each of the Settlement Class members (the "Class List"). Class Counsel will handle all aspects of settlement administration, except (1) delivery of payments to Settlement Class members who are current Maverick employees with direct deposit; (2) delivery of IRS Form 1099s to Settlement Class members who are current Maverick employees; and (3) generating IRS Form 1099s to Settlement Class members who are former Maverick employees, which will be delivered to Class Counsel. All expenses

incurred by Maverick as set forth in this Paragraph 5.1 shall be paid by Maverick separate and apart from the Settlement Fund, meaning those expenses will not be deducted from the Settlement Fund.

5.2    Within thirty (30) days after entry of the Preliminary Approval Order (the "Notice Date"), Class Counsel shall complete the mailing, by first-class US mail, of the Notice (substantially in the form attached hereto as Exhibit B). The Notice shall include the following information: (1) a plain and concise description of the nature of the Action and the proposed Settlement, (2) the right of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, (3) specifics on the date, time and place of the Final Fairness Hearing, and (4) information regarding Class Counsel's fee application and the Settlement Class Representative's service award.

5.3    Within the time prescribed by 28 U.S.C § 1715, Maverick shall serve notice of this Settlement to the appropriate federal and state officials in compliance with the Class Action Fairness Act ("CAFA"). Maverick shall be responsible for drafting and preparing the CAFA notice in conformity with 28 U.S.C § 1715 and for identifying the appropriate federal and state officials to be notified.

5.4    Within forty-five (45) days of final approval, payments will be made to members of the Settlement Class in the following manner: (i) for current employees of Maverick who receive their Maverick paychecks via direct deposit, payments shall be delivered to the employees by Maverick via direct deposit, (ii) for current employees of Maverick who do not receive their paychecks from Maverick via direct deposit, a check shall be mailed to the address listed on the Class List, (iii) for former employees of Maverick, a check shall be mailed to the last known address as reflected on the Class List. Checks shall be valid for a period of one hundred and twenty (120) days from the date appearing on the check. For any check that is returned as undeliverable with forwarding address information, the check shall be re-mailed to the new address indicated. For any payment check that is returned undeliverable without forwarding address information, Class Counsel shall use reasonable efforts to obtain an accurate address, and if a more recent or accurate address is found by this method, Class Counsel will re-mail the check using the updated address information. Within 30 days of all direct deposits made pursuant to Paragraph 5.4(i), the Settlement Administrator will reimburse Maverick for all such payments from the Settlement Fund.

5.5    For any unclaimed money or uncashed checks remaining in the Settlement Fund after the first distribution (in other words, any checks that remain

84505401.1

uncashed more than 121 days after they were mailed to Settlement Class members), a second distribution shall be made to Settlement Class Members that cashed their initial checks if economically feasible.

6.    Requests for Exclusion.

6.1    Any Settlement Class member or person legally entitled to act on his or her behalf who wishes to be excluded from the Settlement Class may mail a written request for exclusion to Class Counsel. To be valid, such written request for exclusion must (i) contain the name of this Action, (ii) contain the name and address of the person to be excluded; (iii) if applicable, contain the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the Settlement Class Member and the basis for such legal entitlement; (iv) be mailed by first-class US mail, proper postage prepaid, to Class Counsel at the specified mailing address in the Notice; (v) be submitted or postmarked no later than forty-five days after the Notice Date (the "Exclusion/Objection Deadline"); and (vi) clearly indicate that he/she wants to be excluded from the Settlement Class.

6.2    Any Settlement Class member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against Maverick relating to the Released Claims.

6.3    Any Settlement Class member who timely submits a request for exclusion as provided in Paragraph 6.1 shall waive and forfeit any and all rights he/she may have to benefits of the Settlement if it is approved and becomes final, including monetary relief, and shall waive and forfeit any and all rights to object to the fairness, reasonableness, or adequacy of the Settlement, Class Counsel's fee application, and/or the requested service award to Plaintiff.

7.    Objections.

7.1    Any Settlement Class member or person legally entitled to act on his or her behalf may object to the fairness, reasonableness, or adequacy of the Settlement, Class Counsel's fee application, and/or the requested service award to Plaintiff. To be valid, any objection must be made in writing and mailed to Class Counsel at the address provided in the Notice, postmarked no later than the Exclusion/Objection Deadline. In addition, any objection must include the following: (i) the name of this Action; (ii) the objector's

84505401.1

full name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Settlement Class Member and the basis of such legal entitlement; (iv) all grounds for the objection (including all legal authority and evidence); (v) whether the objector is represented by counsel and, if so, the identity of such counsel; and (vi) the objector's signature.

7.2    Any Settlement Class member who submits a timely written objection as described in Paragraph 7.1 may appear at the Final Fairness Hearing, either in person or through personal counsel hired at the Settlement Class member's own personal expense.

7.3    Any Settlement Class member who fails to make a timely objection by the Exclusion/Objection Deadline shall waive and forfeit any and all rights he/she may have to object and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments related thereto, including the Final Approval Order.

8.    <u>Attorneys' Fees, Litigation Expenses, and Service Award</u>.

8.1    Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses, and Class Representative's entitlement to a service award for serving as the representative of the Settlement Class, will be determined by the Court.

8.2    Plaintiff will file a motion with the Court prior to the Final Fairness Hearing requesting an award of attorneys' fees, not to exceed one-third (33.33% of the Settlement Fund), or $18,931.44, and reimbursement of out-of-pocket litigation costs not to exceed $5,000. Such amounts shall be paid exclusively from, and not in addition to, the Settlement Fund.

8.3    Plaintiff will also file a motion with the Court prior to the Final Fairness Hearing requesting a service award for serving as the Class Representative in an amount not to exceed $5,000. The amount of any such service award shall be paid by Maverick in addition to the Settlement Fund, for a Total Settlement Amount not to exceed $61,800. Maverick will not oppose Plaintiff's request for a service award of $5,000.

8.4    The Parties acknowledge and agree that an award of attorneys' fees, litigation expenses, and service awards shall be paid from the Settlement Fund within twenty-eight (28) calendar days of the Effective Date.

84505401.1

8.5    Any order or proceedings relating to the award of attorneys' fees, litigation expenses, and service awards, or any appeal thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment and the Settlement of the Released Claims as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning an award of attorneys' fees, litigation expenses, and service award shall constitute grounds for cancellation or termination of this Agreement.

9.    <u>Dismissal and Release of Claims Against Maverick</u>.

9.1    Upon the Effective Date, Plaintiff and all members of the Settlement Class who have not timely and properly submitted a request to be excluded from the Settlement Class as provided in Paragraph 6 herein, will (1) be bound by the Final Approval Order, (2) conclusively deemed to have fully released and forever discharged any claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses, losses, or damages (whether actual, consequential, treble, statutory and/or punitive or exemplary or other), whether arising in law or equity, asserted or unasserted, known or unknown, foreseen or unforeseen, relating to, or arising out of any and all federal, state, local or common law privacy law, including all claims that were asserted in the Action and all claims arising under the Biometric Information Privacy Act that arose before the date the Agreement is fully executed (the "Released Claims") against any Released Party, as defined below, and (3) be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Claims against Maverick or any other Released Party.

The release provided herein pertains only to Maverick, and its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents, divisions, predecessors, members, successors, attorneys, employees, officers, directors, contractors, members, shareholders, policyholders, assigns, partners, agents, insurers or reinsurers, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity that could be jointly liable with any of them (the "Released Parties").

The release provided herein does not pertain to nor have any effect of impact on Plaintiff's and Settlement Class members' claims against Lytx in this Action, which remain ongoing.

9.2 <u>General Release of Claims by Plaintiff.</u> To the maximum extent permitted by law, Plaintiff generally releases Maverick and the Released Parties from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever, whether in law or equity, known or unknown, Plaintiff and his heirs, executors, administrators, successors, and assigns ever had, may now have, or hereafter later determine that he or she has or had upon, or by reason of, any cause or thing whatsoever against Maverick or any Released Parties, including, but not limited to, claims arising under:

- Title VII of the Civil Rights Act of 1964 (Title VII),
- the Americans with Disabilities Act (ADA),
- the Family and Medical Leave Act (FMLA),
- the Fair Labor Standards Act (FLSA),
- the Equal Pay Act,
- the Employee Retirement Income Security Act (ERISA) (regarding unvested benefits),
- the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42,
- the Fair Credit Reporting Act (FCRA),
- the Worker Adjustment and Retraining Notification (WARN) Act,
- the National Labor Relations Act (NLRA),
- the Age Discrimination in Employment Act (ADEA),
- the Uniform Services Employment and Reemployment Rights Act (USERRA),
- the Genetic Information Nondiscrimination Act (GINA),
- the Immigration Reform and Control Act (IRCA),
- the Illinois Human Rights Act (IHRA), the Right to Privacy in the Workplace Act, the Illinois Worker Adjustment and Retraining Notification Act, the Illinois One Day Rest in Seven Act, the Illinois Union Employee Health and Benefits Protection Act, the Illinois Employment Contract Act, the Illinois Labor Dispute Act, the Victims' Economic Security and Safety Act, the Illinois Whistleblower Act, the Illinois Equal Pay Act, the Illinois Biometric Information Privacy Act,
- and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released.

Plaintiff does not waive any right to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), subject to the condition that he agrees not to seek, or in any way obtain or accept, any monetary award, recovery or settlement therefrom; and further provided,

84505401.1

however, that Plaintiff does not release any claim for breach of the terms of the Agreement.

9.3    Each member of the Settlement Class agrees and acknowledges they had the opportunity to seek the advice of Class Counsel, and that this is a knowing and voluntary waiver. Each member of the Settlement Class shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits each member of the Settlement Class may otherwise have or have had relating to the Released Claims.

9.4    With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the Release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and the Settlement Class may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but they, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which then exist, or heretofore have existed.

9.5    Class Counsel and Plaintiff, on behalf of the members of the Settlement Class, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Maverick or Released Parties for attorneys' fees, expenses, and costs associated with Class Counsel's representation of Plaintiff and the Settlement Class in the Action, the settlement, or any claims being released by this Agreement and related papers. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees, expenses, and costs, whether known or

unknown, associated with Class Counsel's representation of all members of the Settlement Class and/or their work in the Litigation.

9.6    The Parties acknowledge that the above waiver and releases were separately bargained for and are material terms of the Agreement.

10.    <u>Non-Disparagement</u>.  Each Party agrees that he/it will not directly or indirectly make any statements, including on any websites and/or other public forums (including to any media sources), designed to criticize, denigrate, damage, or disparage each other, their products or services, or their business practices or partners.

11.    <u>Authority to Execute Agreement</u>.  By signing below, the Parties represent and warrant that they possess the necessary power and authority to enter into this Agreement.

12.    <u>No Admission of Liability</u>.  This Agreement is for the purpose of avoiding the expense, risk, and uncertainty of litigation, and is not an admission of liability or wrongdoing on the part of any Party or entity released herein.  This Agreement does not constitute, and shall not be construed as, an admission by Maverick of any liability or of the truth or validity of any claims, assertions, or contentions advanced in the Action, and such liability is expressly denied. The allegations and assertions contained in this Agreement are disputed and the Parties reserve the right to challenge and rebut those allegations and assertions in the future consistent with the provisions of this Agreement.

13.    <u>Right to Reject.</u> Maverick maintains the right to withdraw from the Settlement Agreement if more than 5% of the Settlement Class submits requests for exclusions. This right must be exercised within ten (10) days of the submission of the requests for exclusion.

14.    <u>Withdrawal.</u> Maverick may withdraw from the Settlement before final approval is entered if (a) the Settlement is construed by the Court materially different, in Maverick's reasonable opinion, from the terms and conditions set forth in this Agreement, or (b) Plaintiff or Class Counsel breaches the Agreement. In the event Maverick withdraws from the Agreement pursuant to this Paragraph, (i) this Agreement shall have no force or effect; (ii) neither this Agreement nor any other related papers or orders, nor the negotiations leading to the Settlement, shall be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and (iii) the Action will continue as if the Agreement had never been entered into.

15.    <u>Stay.</u> The Parties have filed a Joint Notice of Settlement and Motion to Stay Maverick's responsive pleading deadline, pending the Court's approval of the Settlement.

16.    <u>Notices</u>.  All notices sent under any provision of this Agreement must be sent in writing and by overnight mail, postage prepaid, said notice to be effective as of the date of receipt as follows:

84505401.1

For Plaintiff and Class Counsel:

Randall K. Pulliam
Carney Bates & Pulliam PLLC
519 West 7th Street
Little Rock, AR 72201
rpulliam@cbplaw.com

For Maverick:

Jason N.W. Plowman
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
jplowman@polsinelli.com

17.    <u>Jurisdiction, Governing Law and Dispute Resolution</u>.  This Agreement shall be governed in accordance with the laws of the State of Illinois, without regard to any choice of law provisions.

18.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein, and all matters raised or that could have been raised therein, and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matters set forth herein.  Each Party acknowledges that, in entering into this Agreement, it did not rely on any representation or other assurance from the other Parties except as provided herein.  The Parties have each participated in the drafting of this Agreement, and no Party shall be deemed the drafter for the purposes of interpreting any term or provision herein.  Each Party acknowledges that it was provided an opportunity to seek advice of counsel and, therefore, this Agreement will not be strictly construed for or against any of the Parties.

19.    No Party will be considered a prevailing Party for any purpose except as necessary for the award of attorneys' fees, costs, and expenses specifically identified in this Agreement.

20.    The United States District Court for the Southern District of Illinois shall have jurisdiction to interpret and enforce this Agreement, including but not limited to the imposition of injunctive relief for pursuit of claims released by this Agreement and/or requests for fees, costs, or expenses resolved by this Agreement.

21.    Following entry of the Court's Order Granting Approval, should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate

Page 12 of 14

the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

22.     <u>No Waiver</u>.  The delay or failure of a Party to assert a right in this Agreement or to insist upon compliance with any term or condition of this Agreement will not constitute a waiver of that right or excuse a similar subsequent failure to perform any term or condition by any other Party.  A valid waiver must be executed in writing and signed by the Party granting the waiver.

23.     <u>No Oral Modification</u>.  This Agreement may be amended only in a writing signed by all Parties hereto.

24.     <u>Severability</u>.  If any provision of this Agreement is declared by a court of competent jurisdiction to be invalid, illegal or unenforceable, such provision shall be severed from this Agreement and all other provisions shall remain in full force and effect.

25.     <u>No Joint Venture/Agency Relationship</u>.  Nothing in this Agreement shall be construed as creating any partnership, joint venture, or agency between the parties, and no Party may obligate or bind the other Party in any manner.

26.     <u>Effective Date</u>.     Effective Date means the later of:  (i) thirty-five (35) days after the date of the Final Approval Order, if no objections or appeals are timely filed; or (ii) if an appeal is filed, then the later of either the termination of such appeal on terms that affirm the Final Approval Order in all respects or without any material modifications to the Final Approval Order on the one hand, or the expiration of time to obtain any further appellate review of the Final Approval Order on the other.

27.     <u>Counterparts</u>.  This Agreement may be executed in counterparts and delivered in PDF format by email, and each counterpart and PDF shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

28.     <u>Captions, Headings, and Interpretation</u>.  Section titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or any provision hereof.


[The remainder of this page intentionally left blank.]

84505401.1

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the respective dates set forth below.

Joshua Lewis, Plaintiff

Date: 8-1-22

As to form:
Randall K. Pulliam
Counsel for Plaintiff and the Settlement Class

Date: _____

Maverick Transportation, LLC

By: _____
Name: _____
Title: _____
Date: _____

As to form:
Jason N.W. Plowman
Counsel for Defendant Maverick
Transportation, LLC.

Date: _____

Page 14 of 14

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the respective
dates set forth below.


Joshua Lewis, Plaintiff

_____

Date: _____


As to form:
Randall K. Pulliam
Counsel for Plaintiff and the Settlement Class

_____

Date: _____8/1/22_____


Maverick Transportation, LLC

By: _Debbie Mitchell_____
Name: _Debbie Mitchell_____
Title: _CFO_____
Date: _August 1, 2022_____


As to form:
Jason N.W. Plowman
Counsel for Defendant Maverick
Transportation, LLC

_____

Date: ___August 1, 2022_____

84505401.1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **JOSHUA LEWIS, individually and**<br>**on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:22-cv-00046-NJR** |
| **MAVERICK TRANSPORTATION**<br>**LLC, and LYTX, INC.,** | |
| **Defendants.** | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING CLASS NOTICE AND SCHEDULING FAIRNESS HEARING

Upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, supporting memorandum of law, and the Settlement Agreement, dated _____, 2022 (the "Agreement") and its exhibits, and for good cause shown, the Court preliminarily finds that the terms of the proposed Settlement as set forth in the Agreement are fair, adequate and reasonable. The Court further finds that the notice provisions provided for are adequate and appropriate to inform members of the Settlement Class of the terms of the proposed Settlement.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court does hereby preliminarily approve the Agreement[1] and the proposed Settlement set forth therein as sufficiently fair, adequate and reasonable, subject to further consideration at the Final Fairness Hearing described below.

2. A hearing (the "Final Fairness Hearing") shall be held before this Court on _____, 20__ at __:__ __.m. to determine whether the proposed Settlement of the claims against Maverick, on the terms and conditions provided for in the Settlement, is fair, just,

---

[1] The Court, for purposes of this Order, adopts the definitions of capitalized terms set forth in the Agreement.

1

reasonable, and adequate to the Settlement Class and should be finally approved by the Court, and to consider Class Counsel's Fee and Expense Application.

3.      The Court finds the Agreement was entered into between Plaintiff and Defendant Maverick Transportation, LLC after serious, informed, and arm's length negotiations by experienced counsel. There were no obvious deficiencies in the Agreement, and the Agreement does not improperly grant preferential treatment to Plaintiff or segments of the class. It falls within the range of possible approval.

4.      The Court approves, as to form and content, the Class Notice, attached to the Agreement as Exhibit B, and finds that distribution of the Class Notice in the manner set forth in the Agreement and herein meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for purposes of effectuating the Settlement, the following Settlement Class:

> All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick while within the State of Illinois during the time period of five years before the Action was filed through [DATE AGREEMENT FULLY EXECUTED].

Excluded from the Settlement Class are Maverick, along with its parents, subsidiaries, affiliates and control persons, including its officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Action, and members of the federal judiciary.

a.  For settlement purposes only, the Court finds that the requirements Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, and provisionally finds:

b.  There are 71 Settlement Class Members, which is too numerous for joinder to be practicable.

c.  Common questions of law and fact – whether Maverick violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., ("BIPA") – predominate and turn on legal and factual questions applicable to each class member.

d.  Plaintiff's claims are typical of the claims of the Settlement Class.

e.  Plaintiff is an adequate class representative. His interests align with the other Settlement Class Members. Proposed class counsel has experience and expertise bringing class actions and have committed the necessary resources to represent the Rule 23 Settlement Class.

f.  A class action is a superior method for resolution of this matter.

6.  In accord with the terms of the Agreement, the members of the Settlement Class are henceforth clients of and represented by Class Counsel and Plaintiff is hereby designated as the Settlement Class Representative. Class Counsel is appointed as the Settlement Administrator.

7.  In accord with the terms of the Agreement, the Court hereby orders the Parties and their respective counsel to comply with the below directives as necessary to implement the Settlement and to effectuate the terms of the Agreement:

8.  Consistent with paragraph 5.1 of the Agreement, no later than fourteen (14) days after the date of this Order, Maverick shall provide to the Settlement Administrator the name and last-known mailing address, as reflected in the records of Maverick, of each of the Settlement Class members (the "Class List").

9.      Consistent with paragraph 4.2 of the Agreement, no later than fourteen (14) days after the Notice Date, the Parties shall create and fund the Settlement Fund according to the terms of the Agreement.

10.      Consistent with paragraph 5.2 of the Agreement, within thirty (30) days after the date of this Order (the "Notice Date"), the Administrator shall complete the mailing of Class Notice (Exhibit B to the Agreement) to all members of the Settlement Class.

11.      Consistent with paragraphs 6.1-6.3 of the Agreement, no later than forty-five (45) calendar days after the Notice Date, members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion. Any member of the Settlement Class who properly excludes himself or herself from the Settlement will not be entitled to receive any payment from the Settlement Fund, will not be bound by the proposed Settlement, and will have no right to object, appeal or comment thereon.  Members of the Settlement Class who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the proposed Settlement and any Final Judgment entered in this Action if the proposed Settlement is finally approved by the Court.

12.      Any Settlement Class member may appear at the Final Fairness Hearing and object to the Settlement and/or Class Counsel's Fee and Expense Application. Consistent with paragraphs 7.1-7.3 of the Agreement, members of the Settlement Class who chose to object to the Settlement must file written notices of intent to object in accordance with the terms and conditions of the Agreement. Settlement Class members who properly exclude themselves from the Settlement have no right to object to the proposed Settlement or Class Counsel's Application for Attorneys' Fees and Expenses.

13.     The Court orders that all funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the Court's jurisdiction, until the time such funds are distributed pursuant to the Agreement and/or further order(s) of the Court.

14.     Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Parties of any fact or allegation, or of any liability, fault, or wrongdoing of any kind.

15.     In the event that this Preliminary Order does not become final, (i) it shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Agreement, the Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to Maverick, less settlement administrative expenses actually incurred and paid, and (iv) the claims against Maverick shall proceed as provided in the Agreement.

16.     All motions and papers in support of the Settlement and Class Counsel's Fee and Expense Application shall be filed and served thirty (30) calendar days after the Notice Date.

17.     The Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate without further notice to the Settlement Class.

18.     Pursuant to the foregoing, the following schedule shall apply:

Exhibit A

| **ACTIVITY** | **DEADLINE** |
|---|---|
| Deadline for parties to create and fund the Settlement Fund | 14 calendar days from entry of the Preliminary Approval Order |
| Notice Deadline – Notice shall be sent to all persons identified on the Class List | 30 calendar days from entry of the Preliminary Approval Order |
| Deadline for filing Motion for Final Approval and Motion for Attorney's Fees, Costs and Service Awards | 30 calendar days from the Notice Date |
| Objection/Opt-Out Deadline - Class Members that wish to object to the Settlement or exclude themselves from the Settlement must send written notice by this time | 45 calendar days from the Notice Date |
| Settlement Approval Hearing | 60 calendar days after the Notice Date, or at the Court's earliest convenience thereafter |

**IT IS SO ORDERED.**


**DATE:** _____          _____

# EXHIBIT B

**<u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION</u>**

# You may be entitled to a payment from a class action settlement if you are a Maverick employee and during the course of your employment you were recorded by the DriveCam camera.

*A court authorized this notice. This is not a solicitation from a lawyer. The Court has made NO findings as to the merits of the case at this time.*

- A proposed settlement (the "Settlement") has been reached between Plaintiff Joshua Lewis and Defendant Maverick Transportation LLC ("Maverick") in a proposed class action lawsuit, Case No. 2021L-001379.
- The Settlement creates a $56,800.00 common fund (the "Common Fund") for the benefit of members of the following Settlement Class: **All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick while within the State of Illinois** during the time period of five years before the Action was filed through [DATE AGREEMENT FULLY EXECUTED].
- You have been identified as a Settlement Class Member if this notice (the "Notice") was addressed to you.
- The description of the Settlement in this Notice is only a summary. Full details of the Settlement are set forth in the Settlement Agreement ("Agreement"), which is on file with the Court. If wish to review a copy of the settlement agreement, please contact Plaintiff's counsel below:

  > Randall K. Pulliam
  > Carney Bates & Pulliam, PLLC
  > 519 W. 7th St.
  > Little Rock, Arkansas 72201

  You should read the entire Agreement before deciding whether to participate in the Settlement.
- If you are a member of the Settlement Class, you may be entitled to share in the settlement proceeds. However, **your legal rights are affected whether you act or do not act**, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| DO NOTHING | Remain in the Settlement Class and share in the Settlement proceeds. |
| EXCLUDE YOURSELF | Get no payment and retain the right to sue Maverick on your own. |
| OBJECT | Write the Court if you do not like the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to finally approve the Settlement. Payments will be made if the Court finally approves the Settlement and after any appeals are resolved. Please be patient.

## 1.  THE PURPOSE OF THIS NOTICE.

You are receiving this Notice pursuant to an Order of the United States District Court for the Southern District of Illinois (the "Court") to advise you of certain benefits you may be entitled to receive under a settlement in the class action lawsuit styled, *Lewis, et al. v. Maverick Transportation, Inc., et al.* (the "Class Action"). This Notice describes the Class Action and the proposed Settlement and advises of the date, time and place of a hearing to be held by the Court to determine whether the Court will finally approve the Settlement.

**All Class Members who do not exclude themselves from the Settlement on a timely basis (as described below) will be bound by the orders the Court issues about the Settlement.**  The members of the Settlement Class, as certified by order of the Court, include:

> All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick while within the State of Illinois during the time period of five years before the Action was filed through [DATE AGREEMENT FULLY EXECUTED].

Excluded from the Settlement Class are Maverick, along with its parents, subsidiaries, affiliates and control persons, including its officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Action, and members of the federal judiciary.

You should carefully read this entire Notice before making any decision about the class action lawsuit.

## 2.  WHAT IS A CLASS ACTION?

Class actions are lawsuits in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs (also referred to as class representatives) are named in the lawsuit to assert the claims of the entire class. This avoids the necessity for a large number of people to file similar individual lawsuits and enables the court system to resolve similar claims in an efficient and economical way. Class actions assure that people with similar claims are treated alike. In a class action, the Court is guardian of class interests and supervises the presentation of the class claims by class counsel to assure that the representation is adequate. Class members are not individually responsible for the costs or fees of counsel, which are subject to Court award.

In this class action lawsuit, the Court appointed Plaintiff Joshua Lewis as the Class Representative ("Representative Plaintiff") of the Settlement Class. In addition, the Court appointed the law firm of Carney Bates & Pulliam, PLLC as Class Counsel.

### 3.  WHAT IS THE CLASS ACTION AGAINST MAVERICK ABOUT?

The Class Action is about whether Maverick collected its employees biometric identifiers and biometric information without complying with the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), which prohibits private entities from collecting, capturing, purchasing, receiving through trade or otherwise obtaining a person's biometric identifiers or information without first providing that person with written notice of particular information and obtaining his/her written consent. Plaintiff alleges that the DriveCam system installed in Maverick's trucks violates BIPA by scanning drivers' faces and acquiring their biometric information, including face geometry.

Maverick denies any liability to Plaintiff and the proposed Settlement Class on the claims asserted. Maverick specifically denies the DriveCam system collected or captured (or that Maverick purchased or received) any biometric identifier or information. What is more, no trial has been held on the merits of any of the allegations against Maverick or its defenses.

### 4.  WHY DID I GET THIS NOTICE?

A review of Maverick's records show that you are a member of the Settlement Class, as defined in Question 1 above.

The Court authorized this Notice because you have a right to know about the proposed Settlement, and about your options, before the Court decides whether to finally approve the Settlement. If you do not request to be excluded and the Court approves the Settlement, and after any appeals are resolved, the settlement administrator will send you the payment provided for in the Settlement, and your claims will be released.

### 5.  WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of the Plaintiff or Maverick. Instead, both sides agreed to a Settlement, without any admission of fault or liability. That way, they avoid the cost of a trial and the risks of either side losing, and they ensure that the people affected by the lawsuit receive compensation. The Parties think that the Settlement is best for everyone involved under the circumstances. The Court will evaluate the Settlement to determine whether it is fair, reasonable, and adequate before it approves the Settlement.

### 6.  WHAT DOES THE SETTLEMENT PROVIDE?

In exchange for a release of claims against Maverick as explained in the Agreement, Maverick has agreed to pay $56,800.00 for the benefit of Settlement Class Members. Each Settlement Class Member that does not request exclusion from the Settlement is eligible to receive benefits under the Settlement.

**7.  WHAT CAN I GET FROM THE SETTLEMENT?**

Each Settlement Class Member that does not request exclusion from the Settlement shall receive a pro rate distribution of the Settlement Fund. Individual payments are estimated to be $800. Please note this is only an estimate.

**8.  WHAT ARE THE OPTIONS OF SETTLEMENT CLASS MEMBERS?**

If you fit the above description of a member of the Settlement Class in Question 1 above, you have the following options:

(a) **If you wish to participate in and receive payment under the Settlement, you do not need to do anything.** Upon final approval of the Settlement, you will automatically receive a payment. You will also be bound by any judgment approving or disapproving the Settlement.

(b) **If you do not wish to participate in the Settlement, you can request exclusion from the Settlement Class.** If you choose to be excluded from the Settlement Class, you will (1) not share in the Settlement proceeds; and (2) not be bound by any judgment, or any other final disposition, in this lawsuit and will retain the right to pursue any individual remedies, at your own expense, against Maverick. To request exclusion, you must send a written and signed notification entitled "Request for Exclusion" to the following:

> Maverick Settlement Administrator
> c/o Carney Bates & Pulliam, PLLC
> 519 W. 7th St.
> Little Rock, Arkansas 72201

To be valid, your Request for Exclusion must be postmarked no later than [DATE] (the "Exclusion/Objection Deadline Date"), and must include your name, current address, telephone number, name of the case and case number (*Lewis, et al. v. Maverick Transportation*, Case No. 2021L-001379), a clear and unequivocal statement that you wish to be excluded from the Settlement Class, and your signature. If the request is not postmarked by the Exclusion/Objection Deadline Date, your request for exclusion will be invalid and you will be included in the Settlement Class automatically, bound by the final judgment and barred from bringing any claims against Maverick.

(c) **If you do not request exclusion from the Settlement, you can object to the Settlement if you do not like any part of it.**  To do so, you must file and serve a written objection. Your objection must state your full name, current address, and telephone number. Your objection must also state the name of the case and case number (*Lewis, et al. v. Maverick Transportation*, Case No. 2021L-001379) and why you object to the proposed Settlement, including any reasons supporting your position. You must sign your objection personally or by legal counsel. If you intend to appear personally at the hearing described in Questions 9 and 12 below, you must include with your objection a notice of

your intention to appear at the hearing. Your objection, along with any notice of intent to appear, must be filed with the Clerk of the Court by mailing them to the following:

> Clerk of the Court
> [insert address]

You must also mail a copy of your objection, along with your notice of intent to appear, to Class Counsel and counsel for Maverick at the following addresses:

| *Counsel for Plaintiff and the Class* | *Counsel for Maverick* |
|---|---|
| Randall K. Pulliam | Jason Plowman |
| Carney Bates & Pulliam, PLLC | Polsinelli PC |
| 519 W. 7th St. | 900 W. 48th Pl., Ste. 900 |
| Little Rock, Arkansas 72201 | Kansas City, MO 64112 |
| | jplowman@polsinelli.com |

Your objection must be postmarked by the Exclusion/Objection Deadline Date (set forth above) to be considered by the Court. Any Class Member who does not file and serve objections in the time and manner described above will not be permitted to raise those objections later.

## 9.  WHEN WOULD I GET A PAYMENT?

The Court will hold a hearing on **[DATE]** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be a period when appeals can be filed. Once any appeals are resolved or if no appeals are filed, it will be possible to distribute the Settlement Fund. This may take several months to more than a year, if an appeal is involved.

## 10.  DO I HAVE A LAWYER IN THIS CASE?

As noted in Question 2 above, the Court appointed the law firm of Carney Bates & Pulliam PLLC to represent you and other Settlement Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11.  HOW WILL THE LAWYERS IN THIS CASE GET PAID?

Class Counsel will ask the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, or $18,931.44, plus reimbursement of litigation costs and expenses not to exceed $5,000. Class Counsel will also ask the Court to award the Class Representative a service award of $5,000, to be paid by Maverick separate from the Settlement Fund.

**12. THE COURT WILL HOLD A FINAL FAIRNESS HEARING.**

As set forth in Question 9 above, there will be a final hearing to consider approval of the proposed Settlement. The final hearing is currently scheduled for [DATE], beginning at __:__ _.m. before the Honorable Nancy J. Rosenstengel in Courtroom #_ at the United States District Court for the Southern District of Illinois Courthouse, [address]. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness and adequacy of the terms of Settlement, whether the proposed Settlement Class is adequately represented by the Settlement Class Representative and Class Counsel, and whether an order and final judgment should be entered approving the proposed Settlement. The Court will also consider Class Counsel's application for an award of attorneys' fees and reimbursement of litigation costs, as well as a service award.

**13. DO I HAVE TO COME TO THE HEARING?**

No. You are welcome to come at your own expense if you wish, but Class Counsel will answer questions the Court may have. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, although Class Counsel will represent your interests at the hearing.

**14. HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?**

This Notice summarizes the proposed Settlement. More details are in the Agreement on file with the Court and available upon request to Class Counsel. **You should read the entire Agreement before making any decision about whether to participate in the Settlement**. You can also call the Settlement Administrator toll free at 1-___-___-____ with your questions.

**ALL QUESTIONS ABOUT THIS NOTICE, THE CLASS ACTION, OR THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO CLASS COUNSEL IDENTIFIED IN SECTION 8 ABOVE. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

**BY ORDER OF THE COURT.**

# EXHIBIT C

Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **JOSHUA LEWIS, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:22-cv-00046-NJR** |
| **MAVERICK TRANSPORTATION LLC, and LYTX, INC.,** | |
| **Defendants.** | |

## [PROPOSED] FINAL JUDGMENT AND ORDER

Upon consideration of Plaintiff's Unopposed Motion for Final Approval of Settlement, supporting memorandum of law, and the Settlement Agreement, dated _____, 2022 (the "Agreement") and its exhibits, and for good cause shown, the Court finds that the terms of the proposed Settlement as set forth in the Agreement are fair, adequate and reasonable and were reached after arm's length negotiations between the Parties.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Agreement.

2.    The Court has jurisdiction over the subject matter of the Action and over all parties, including all members of the Settlement Class.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves and confirms the Settlement embodied in the Agreement as being a fair,

<u>Exhibit C</u>

reasonable, and adequate settlement and compromise of the claims asserted in the Action as against Maverick considering the costs, risks, and delay of trial and appeal.  The Agreement is the result of serious, informed and arm's length negotiations between the Parties.

4.    The Court entered an Order granting preliminary approval of the Agreement on _____ and approved the notice plan described therein. Settlement Class members had a period of forty-five (45) days to notify Class Counsel of their desire to be excluded from the Settlement Class or object to the terms of the Agreement.

5.    The Court held a Final Fairness hearing on _____, during which time Settlement Class members had the opportunity to comment or object to the Agreement.

6.    The Court hereby approves the Agreement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.    The Court finds that the Settlement Class meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the following reasons:  (a) the Settlement Class is sufficiently numerous to make joinder impracticable, (b) questions of law and fact common to the Settlement Class predominate over any individual questions, (c) the claims of Plaintiff are typical of the Settlement Class, (d) Plaintiff and his counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class, and (e) the class action procedure is the superior method of resolving the claims against and defenses raised by Maverick. The following Settlement Class is finally certified for the purposes of effecting the Settlement embodied in the Agreement:

> All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick

2

Exhibit C

while within the State of Illinois during the time period of five years before the
Action was filed through [DATE AGREEMENT FULLY EXECUTED].

8.      The Court confirms appointment of Plaintiff as the Settlement Class
Representative and his counsel as Class Counsel.

9.      Notice of the pendency of this Action as a class action, of the Settlement, and of
the request for attorneys' fees and expenses, as well as a service award, was given to all
Settlement Class members reasonably identifiable by the records of Maverick at the respective
addresses set forth in such records. The Court finds that the form, content, and method of
dissemination of the Class Notice given to the Settlement Class were adequate and reasonable,
and constituted the best notice practicable under the circumstances. The Class Notice, as given,
provided valid, due, and sufficient notice of these proceedings, of the Settlement, and of the
terms and conditions set forth in the Agreement, and the notice fully satisfied the requirements of
Rule 23 of the Federal Rules of Civil Procedure, constitutional due process, and all other
applicable laws.

10.     In accord with the Agreement, the claims against Maverick are hereby dismissed
with prejudice, with each party to bear its own costs, except as expressly provided in the
Agreement.

11.     By operation of this judgment, all members of the Settlement Class who have not
timely and properly submitted a request for exclusion are deemed to have absolutely and
unconditionally released and forever discharged the Released Claims as defined in paragraph 9.1
of the Agreement, and are forever barred and enjoined from commencing, instituting or
maintaining any Released Claims against Maverick or any other the Released Party.

<u>Exhibit C</u>

12.    The Court hereby approves the Agreement as fair and reasonable, and Class Counsel or its designated agent is directed to administer the Settlement in accordance with its terms and provisions.

13.    The Court has reviewed Class Counsel's request for attorneys' fees and reimbursement of litigation expenses and awards Class Counsel fees in the amount of $_____ and litigation expenses in the amount of $_____. The Court also awards the Settlement Class Representative a service award in the amount of $_____. These awards are reasonable under applicable law and in line with awards in similar cases.

14.    The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Judgment and Order, or the Agreement.

15.    In the event that this Final Judgment and Order is reversed on appeal or otherwise does not become final, (i) this Final Judgment and Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Agreement, the Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to Maverick, less settlement administrative expenses actually incurred and paid, and (iv) the claims against Maverick shall proceed as provided in the Agreement.

4

<u>Exhibit C</u>

16.     Neither the Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Agreement or of this Final Judgment and Order, except that the Released Parties may file the Agreement and/or this Final Order and Judgment in any proceeding brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**IT IS SO ORDERED.**


**DATE: _____**                    _____