IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEWIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAVERICK TRANSPORTATION LLC, and LYTX, INC.,<br><br>Defendants. | Case No. 3:22-cv-46-NJR |

## PRELIMINARY APPROVAL ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement between Plaintiff Joshua Lewis ("Lewis") and Defendant Maverick Transportation LLC. (Doc. 42). Having reviewed the motion, all supporting documents, and the Settlement Agreement (Docs. 42-1), the Court **ORDERS** as follows:

1.      The Court preliminarily approves the Agreement [1] and the proposed Settlement set forth therein as sufficiently fair, adequate and reasonable, subject to further consideration at the Final Fairness Hearing described below.

2.      A hearing (the "Final Fairness Hearing") shall be held **on June 15, 2023, at 1:30 p.m.,** to determine whether the proposed Settlement of the claims against Maverick, on the terms and conditions provided for in the Settlement, is fair, just,

---

[1] The Court, for purposes of this Order, adopts the definitions of capitalized terms set forth in the Agreement.

reasonable, and adequate to the Settlement Class and should be finally approved by the Court, and to consider Class Counsel's Fee and Expense Application.

3. The Court finds the Agreement was entered into between Plaintiff and Defendant Maverick Transportation, LLC, after serious, informed, and arm's length negotiations by experienced counsel. There were no obvious deficiencies in the Agreement, and the Agreement does not improperly grant preferential treatment to Plaintiff or segments of the class. It falls within the range of possible approval.

4. The Court approves, as to form and content, the Class Notice, attached to the Agreement as Exhibit B, and finds that distribution of the Class Notice in the manner set forth in the Agreement and herein meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for purposes of effectuating the Settlement, the following Settlement Class:

> All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick while within the State of Illinois during the time period of five years before the Action was filed through August 1, 2022.

Excluded from the Settlement Class are Maverick, along with its parents, subsidiaries, affiliates and control persons, including its officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Action, and members of the federal judiciary.

For settlement purposes only, the Court finds that the requirements Federal Rules

of Civil Procedure 23(a) and (b)(3) have been met, and provisionally finds:

  a. There are 71 Settlement Class Members, which is too numerous for joinder to be practicable.

  b. Common questions of law and fact—whether Maverick violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, ("BIPA")—predominate and turn on legal and factual questions applicable to each class member.

  c. Plaintiff's claims are typical of the claims of the Settlement Class.

  d. Plaintiff is an adequate class representative. His interests align with the other Settlement Class Members. Proposed class counsel has experience and expertise bringing class actions and have committed the necessary resources to represent the Rule 23 Settlement Class.

  e. A class action is a superior method for resolution of this matter.

6. In accord with the terms of the Agreement, the members of the Settlement Class are henceforth clients of and represented by Class Counsel, and Plaintiff is designated as the Settlement Class Representative. Class Counsel is appointed as the Settlement Administrator.

7. In accord with the terms of the Agreement, the Court orders the Parties and their respective counsel to comply with the below directives as necessary to implement the Settlement and to effectuate the terms of the Agreement:

8. Consistent with paragraph 5.1 of the Agreement, no later than **14 days** after the date of this Order, Maverick shall provide to the Settlement Administrator the name and last-known mailing address, as reflected in the records of Maverick, of each of the Settlement Class members (the "Class List").

9. Consistent with paragraph 4.2 of the Agreement, no later than **14 days** after

the Notice Date, the Parties shall create and fund the Settlement Fund according to the terms of the Agreement.

10. Consistent with paragraph 5.2 of the Agreement, within **30 days** after the date of this Order (the "Notice Date"), the Administrator shall complete the mailing of Class Notice (Exhibit B to the Agreement) to all members of the Settlement Class.

11. Consistent with paragraphs 6.1-6.3 of the Agreement, no later than **45 calendar days** after the Notice Date, members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion. Any member of the Settlement Class who properly excludes himself or herself from the Settlement will not be entitled to receive any payment from the Settlement Fund, will not be bound by the proposed Settlement, and will have no right to object, appeal or comment thereon. Members of the Settlement Class who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the proposed Settlement and any Final Judgment entered in this Action if the proposed Settlement is finally approved by the Court.

12. Any Settlement Class member may appear at the Final Fairness Hearing and object to the Settlement and/or Class Counsel's Fee and Expense Application. Consistent with paragraphs 7.1-7.3 of the Agreement, members of the Settlement Class who chose to object to the Settlement must file written notices of intent to object in accordance with the terms and conditions of the Agreement. Settlement Class members who properly exclude themselves from the Settlement have no right to object to the proposed Settlement or Class Counsel's Application for Attorneys' Fees and Expenses.

13. The Court orders that all funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the Court's jurisdiction, until the time such funds are distributed pursuant to the Agreement and/or further orders of the Court.

14. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Parties of any fact or allegation, or of any liability, fault, or wrongdoing of any kind.

15. In the event that this Preliminary Order does not become final, (i) it shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Agreement, the Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to Maverick, less settlement administrative expenses actually incurred and paid, and (iv) the claims against Maverick shall proceed as provided in the Agreement.

16. All motions and papers in support of the Settlement and Class Counsel's Fee and Expense Application shall be filed and served **30 calendar days** after the Notice Date.

17. The Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate without further notice to

the Settlement Class.

18. Pursuant to the foregoing, the following schedule shall apply:

| ACTIVITY | DEADLINE |
|---|---|
| Deadline for parties to create and fund the Settlement Fund | 14 calendar days from entry of the Preliminary Approval Order |
| Notice Deadline – Notice shall be sent to all persons identified on the Class List | 30 calendar days from entry of the Preliminary Approval Order |
| Deadline for filing Motion for Final Approval and Motion for Attorney's Fees, Costs and Service Awards | 30 calendar days from the Notice Date |
| Objection/Opt-Out Deadline - Class Members that wish to object to the Settlement or exclude themselves from the Settlement must send written notice by this time | 45 calendar days from the Notice Date |
| Settlement Approval Hearing | 60 calendar days after the Notice Date, or at the Court's earliest convenience thereafter |

**IT IS SO ORDERED.**

**DATED:** November 30, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**