IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA LEWIS, individually and
on behalf of all others similarly situated,

Plaintiff,

v.                                                    Case No. 3:22-cv-46-NJR

MAVERICK TRANSPORTATION LLC,
and LYTX, INC.,

Defendants.

## MEMORANDUM AND ORDER

ROSENSTENGEL, Chief Judge:

This matter is before the Court on a Motion to Sever Claims and Transfer to the Northern District of Illinois, or Alternatively to Stay this Action pending resolution of a related class action, *Cavanaugh, et al. v. Lytx Inc., et al.*, 1:21-cv-05427 (N.D. Ill.) ("*Cavanaugh* litigation"), filed by Lytx, Inc. ("Lytx"). (Doc. 33). For the reasons set forth below, the motion is denied.

BACKGROUND

### I.    Lewis's Case

On November 17, 2021, Plaintiff Lewis filed a Class Action Complaint against Maverick Transportation LLC ("Maverick") and Lytx in the Third Judicial Circuit of Madison County, Illinois. Lewis was employed with Maverick as a truck driver. (Doc. 1-2, p. 24). Lytx is a "video telematics and fleet management systems corporation based out of San Diego, California, and provides video and analytics services to the transportation industry." (*Id.* at p. 21). One of the products Lytx provides to customers is the SF-300 DriveCam ("DriveCam"). The DriveCam records video of the inside of trucks to monitor drivers. (*Id.*). According to Lewis, the DriveCam "scans the driver's face geometry and harnesses those biometric data points by feeding them into sophisticated algorithms that identify the driver's actions, in what amount to constant AI

surveillance." (*Id*.). In 2020, Maverick contracted with Lytx to install the DriveCam technology into its trucks. Lewis alleges his truck was retrofitted with Lytx's DriveCam technology around October 2020. (*Id*. at p. 37).

Lewis alleges that Maverick and Lytx violated the Illinois Biometric Information Privacy Act (BIPA), 740 ILL. COMP. STAT. § 14/1 *et seq*. Specifically, Plaintiffs allege Defendants violated sections 15(a), 15(b), and 15(c) of BIPA. Under BIPA, a private entity must establish and make publicly available a protocol for retaining and handling biometric data. 740 ILCS 14/15(a). This data must be destroyed "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." *Id*. A "private entity" must first inform the subject or "the subject's legally authorized representative" in writing about the purpose of collecting the data, how long the data will be kept, and obtain consent of the subject or authorized representative. 740 ILCS 14/15(b). Sales, leases, trades, or further actions in which a private entity may profit from a person's biometric information are prohibited. 740 ILCS 14/15(c).

On January 10, 2022, Maverick and Lytx removed the case to this Court, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1). Specifically, Defendants assert that this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).

After removing, Defendant Lytx sought five extensions to responsively plead—and, as a result, this action was delayed from January 2022 to June 2022. (Docs. 9, 15, 20, 24, 31). Then on June 24, 2022, Lytx filed its Motion to Sever Claims and Transfer to the Northern District of Illinois, or Alternatively to Stay this Action—noting that "[i]n more than eight months since the Cavanaugh Action was filed, the case has progressed significantly." (Doc. 33, p. 5). Lytx reports that it has filed a motion to dismiss in the *Cavanaugh* litigation, "which is fully briefed and remains pending before the court." (*Id*.). Part of Lytx's argument consists of the assumption that "any

rulings in the Cavanaugh Action would bear significantly on the issues presented here, it would be both unfair and inefficient to allow this case to move forward in the Southern District." (*Id*.).

**II.** *Cavanaugh* **Litigation**

On October 13, 2021, the *Cavanaugh* litigation was filed in the Northern District of Illinois. (*Id*. at p. 6). Like Lewis, the plaintiffs were employed as truck drivers and their employers installed Lytx's DriveCam in their trucks. *See* Amended Compl., *Cavanaugh*, 1:21-cv-05427 (N.D. Ill. Nov. 10, 2022). The plaintiffs, like Lewis, allege that Lytx and their employers violated BIPA. However, the *Cavanaugh* plaintiffs only allege that Lytx and the other defendants violated section 15(b) of BIPA.

On November 10, 2022, the plaintiffs in the *Cavanaugh* litigation amended their complaint. As a result, briefing on any motion to dismiss will not be completed until January 26, 2023. *See* Doc. 46, *Cavanaugh*, 1:21-cv-05427 (N.D. Ill. Oct. 28, 2022). Thus, Lytx's prior motion to dismiss is no longer fully briefed—and there is no longer an "imminent ruling on the motion to dismiss." (Doc. 33, p. 9).

ANALYSIS

**I.   28 U.S.C. § 1404**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Under § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve in the convenience of the parties and the witnesses as well as the interests of justice." *Bajer Design Mktg. v. Whitney Design, Inc.*, 2009 WL 1849813, at *1 (N.D. Ill. June 26, 2009).

The parties agree that venue is proper in both districts pursuant to 28 U.S.C. § 1391. Although venue is proper, Lytx asks the Court to transfer this action to the Northern District of

Illinois for the convenience of the parties and witnesses and in the interest of justice.

A. *Convenience Factors*

"In deciding whether transfer would promote convenience, courts consider such factors as: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses." *Faraj v. Duvick*, 2021 WL 1315631, at *2 (N.D. Ill. Apr. 8, 2021). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003).

1. *Plaintiff's Choice of Forum*

Indeed, "[t]he plaintiff's choice of forum is usually given substantial weight, particularly if it is also the plaintiff's home forum." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009). "However, this weight is greatly discounted in class actions." *Id.* Additionally, a plaintiff's choice of forum receives less deference where the plaintiff's chosen forum has weak connections with the operative facts giving rise to the litigation. *See Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) ("the weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim").

Here, Lewis not only filed his lawsuit in the Southern District of Illinois, but also he resides within this District. *Compare Johnson v. United Airlines, Inc.*, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013) ("the deference owed here is substantially reduced because Plaintiffs do not reside in this District"); *Tsaparikos v. Ford Motor Co.*, 2002 WL 31844949, at *2 (N.D. Ill. Dec. 18, 2002) (noting that "where the plaintiff's choice is not the plaintiff's resident forum, the chosen forum is entitled to less deference"). At the same time, Lewis is bringing a class action on behalf of two classes: (1) All Maverick employees who are Illinois residents and who had their biometrics collected, captured, received, or otherwise, obtained, by Defendants while within the State of Illinois; and

(2) All residents of the State of Illinois who had their biometrics collected, captured, received, or otherwise obtained by Lytx while within the State of Illinois. (Doc. 1-2, p. 39). If class certification occurs, Lewis's choice of venue will only be the home venue for some of the plaintiffs. Thus, this factor weighs against transfer, but is given less deference here.

    2.  *Situs of the Material Events & Relative Ease of Access to Source of Proof*

The party moving for a transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (citations omitted). It appears the majority of decisions regarding Lytx's DriveCam technology would likely have been made at Lytx's headquarters in San Diego, California. *See* Doc. 1, p. 4 (asserting that Lytx's "principal place of business is in San Diego, California, where it is headquartered and its executives direct, control and coordinate Lytx's activities and administration"). Regardless, Lytx does not address these factors, thus the Court is unable to assess whether these factors favor transfer.

    3.  *Convenience of Parties*

"It must be shown that the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009) (citing *Emhart Indus., Inc. v. Universal Instruments Corp.*, 1988 WL 121538, at *2 (N.D. Ill. Nov. 4, 1988)). Lytx has failed to meet their burden. The Northern District of Illinois would inconvenience Lewis. Lytx even concedes that "[Lewis] would likely [ ] be required to make a few trips to the Northern District, for a deposition, significant hearings, and trial." (Doc. 40, p. 4).

Lytx argues that "transfer to the Northern District of Illinois would be more convenient for Lytx, who would otherwise be forced to litigate practically identical disputes in multiple forums." (Doc. 40, p. 4). One problem with Lytx's argument is it subtly relies on the first-filed rule. The Seventh Circuit has held, however, that there is no such preference "for the forum where

the first case was field." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010). "Where a case is filed first should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum in a section 1404(a) calculation." *Id*. The Court noted that "[it] appl[ies] the same standard to a section 1404(a) motion regardless of whether there is a second-filed case." *Id*.; *see also Drake v. Procter & Gamble Co.*, 2021 WL 5039521, at *3 (S.D. Ill. Oct. 29, 2021) ("[t]he Seventh Circuit appears to authorize transfer of a case filed here to the district of an earlier-filed case only if 28 U.S.C. § 1404(a) authorizes such a transfer of venue").

Another problem with Lytx's multiple forums argument is it is simply shifting the inconvenience from Lytx to Lewis. *See Ballotti v. Oppenheimer Funds, Inc.*, 2011 WL 13382871, at *4 (N.D. Ill. Feb. 23, 2011) ("[t]ransfer is not appropriate simply to shift the inconvenience from the defendants to the plaintiff"). Accordingly, this factor does not favor transfer.

    4. *Convenience of Witnesses*

Convenience of the witnesses is generally viewed as the most important factor when considering a transfer of venue. *Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, 2014 WL 2711838 (S.D. Ind. June 16, 2014) ("courts often conclude that convenience to the witnesses is the most significant of the three factors under section 1404(a)"); *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 553 (S.D. Ill. 2004) ("The next consideration is the convenience of the witnesses which is the most important factor in the transfer balance"). The Court may not transfer a case for the convenience of one party's witnesses at the expense of the other party's witnesses. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). "When evaluating the availability and convenience of witnesses, the Court should consider not only the quantity of witnesses in each forum but also the nature and relevance of their testimony." *United States ex rel. Bukh v. Guldmann, Inc.*, 2014 WL 1647148, at *4 (N.D. Ill. Apr. 24, 2014). Additionally, "the convenience of employee witnesses is given less weight than the convenience of non-party witnesses." *Rorah v. Petersen Health Care*, 2013 WL 3389063, at *4 (N.D. Ill. July 8, 2013).

Here, Lytx merely notes that "[t]ransfer to the Northern District [ ] offers easy access to the Chicago airports, which will be more convenient for Lytx and the numerous witnesses that are residents of states other than Illinois." (Doc. 33, p. 8). Lewis responds that "[t]he presence of witnesses requires travel from California regardless of the district in which the suit proceeds." (Doc. 37, p. 5). The Court agrees with Lewis. The fact that travel to Chicago from California or other areas may be easier is not persuasive. *See Camarena v. Vanderbilt Mortg. & Fin., Inc.*, 2015 WL 4036258, at *2 (N.D. Ill. July 1, 2015) ("[n]o one likes connecting flights, but that fact is not enough to tip the scales of convenience in [Defendant's] favor"). In fact, Lytx has not shown how the Southern District of Illinois would be more inconvenient for the majority of witnesses. For instance, representatives from Maverick are potential witnesses—and travel may be more convenient to this District.[1] Accordingly, this factor does not favor transfer.

B. *Interests of Justice Factors*

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Rsch. Automation, Inc.*, 626 F.3d at 978. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id*. (internal citations omitted).

Lytx does not address these factors. Instead, it argues that "transfer to the Northern District and consolidation with the Cavanaugh Action will promote the interests of justice by avoiding inconsistent rulings on similar legal and factual issues, preserving the parties' and the courts' resources, and minimizing Lytx's burden of litigating substantially similar actions in

---

[1] Notably, "Maverick's sole member is Maverick USA, Inc. (Ex. B, ¶4). Maverick USA, Inc. is an Arkansas corporation with its principal place of business at 13301 Valentine Rd. in North Little Rock, Arkansas, where the company performs its executive and administrative functions." (Doc. 1, p. 3).

different courts." (Doc. 33, p. 10). This argument does not carry Lytx's burden.

Lytx also argues that the Seventh Circuit's recent decision in *Ewing v. Carrier*, 35 F.4th 592 (7th Cir. 2022), is dispositive. (Doc. 40, p. 3). In *Ewing*, United States District Judge Sharon Johnson Coleman denied a motion to add additional defendants and a jury returned a verdict in plaintiff's favor. *Id.* at 593. Rather than waiting for a final decision and appealing Judge Coleman's denial to add additional defendants, plaintiffs filed a second suit against the additional defendants with "the same substantive claims as the first [suit] . . . ." *Id.* The second suit was assigned to United States District Judge John Kness. "He dismissed it as barred by the doctrine of claim preclusion, even though the first suit is ongoing." *Id.* On appeal, the plaintiff asked the Seventh Circuit to "hold that they can indeed sue a single entity twice, one name per suit." *Id.* The Court did not reach that argument, but found that "[p]laintiffs are engaged in judge-shopping." *Id.* The Court reasoned that "[plaintiffs] do not like Judge Coleman's decision to limit the first suit to the claims against the LLC, and they have sought the view of a second district judge." *Id.* at 593-94.

*Ewing* is not dispositive. Unlike the first suit in *Ewing*, which included a verdict, here the *Cavanaugh* litigation has not progressed significantly. Also, unlike the plaintiffs in *Ewing*—who did not like the first court's decision and sought the view of a second district judge—neither Lewis nor the plaintiffs in the *Cavanaugh* litigation are seeking the review from a second district judge. Finally, the Court in *Ewing* did not analyze 28 U.S.C. § 1404(a). Because Lytx has not carried its burden, the motion to transfer under § 1404 must be denied.

## II.    Severance of Claims Against Lytx

Lytx moves for this Court to sever Lewis's claims against it and to transfer those claims to the Northern District of Illinois for consolidation with the *Cavanaugh* litigation. Because the Court will not be transferring Lewis's action, the Court will not sever Lewis's claims against Lytx.

III.     **Merits of Motion to Stay**

"No mechanical rule governs the handling of overlapping cases." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). "Judges sometimes stay proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward." *Id.*

"A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). "The proponent of the stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

When ruling on a stay, "courts have considered the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharm. Prod., Inc. v. Atrix Lab'ys, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004) (citing *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, 2001 WL 32852 (N.D. Ill. Jan. 12, 2001)).

A.   *Unduly Prejudice or Tactically Disadvantage to the Non-Moving Party*

A deeper analysis of the *Cavanaugh* litigation reveals that staying Lewis's case any longer will unduly prejudice and tactically disadvantage Lewis. For instance, staying the case forces the manner in which Lewis challenges Lytx's BIPA violations because Lewis brings claims against Lytx that do not exist in the *Cavanaugh* litigation—specifically, claims under BIPA §§ 15(a) and 15(c). Thus, the Court finds that Lewis will be unduly prejudiced if the Court stays this case any longer.

B.   *Simplifying the Issues in Question*

Next, Lytx argues that it "has filed a motion to dismiss in the Cavanaugh Action, and the issues presented in the motion will bear significantly on this case." (Doc. 33, p. 14). According to Lytx, "the court will analyze Cavanaugh's substantively similar complaint to determine whether he has sufficiently alleged a violation of the Privacy Act, or instead just relied on boilerplate, conclusory allegations." (*Id.*).

There are a number of issues with this argument. First, the plaintiff in the *Cavanaugh* litigation filed an Amended Complaint on November 10, 2022. *See* Amended Compl., *Cavanaugh*, 1:21-cv-05427 (N.D. Ill. Nov. 10, 2022). Lytx's response to the Consolidated Amended Complaint is due December 12, 2022. *See* Doc. 46, *Cavanaugh*, 1:21-cv-05427 (N.D. Ill. Oct. 28, 2022). "If Defendants file a motion to dismiss, then the Plaintiffs' response is due by 1/12/2023." *Id*. Then the Defendants' reply is due by January 26, 2023. *Id*. The Northern District will allow "[t]he dismissal-motion briefing [to] be cut/paste[d] as appropriate with minor adjustments if a consolidated class action complaint is filed[,]" *see* Doc. 38, *Cavanaugh*, 1:21-cv-05427 (N.D. Ill. Oct. 5, 2022), but, as mentioned above, Lytx's prior motion to dismiss is no longer fully briefed—and there is no longer an "imminent ruling on the motion to dismiss." (Doc. 33, p. 9). Second, the *Cavanaugh* complaint is not substantively similar. Lewis brings claims against Lytx that do not exist in the *Cavanaugh* litigation—specifically, claims under BIPA §§ 15(a) and 15(c).

C.   *Reducing the Burden of Litigation on the Parties and on the Court*

Lytx also notes that "[a]bsent a stay, the two actions will face overlapping rulings on the same issues, including motions to dismiss, hearings, arguments, discovery, class certification, and summary judgment." (Doc. 33, p. 14). The potential for overlapping rulings is unpersuasive. Rather, a stay may prevent certain BIPA questions from percolating among the federal courts.

Additionally, Lewis's counsel may be willing to work with the attorneys in the *Cavanaugh* litigation to avoid unnecessary duplication. *See Drake*, 2021 WL 5039521 at *4 (noting that

"defendant has not made a clear case of hardship or inequity here" because "[p]laintiff's counsel has represented that [p]laintiff is willing to work with the attorneys in the SDNY Action to avoid unnecessary duplication"). Lytx has also failed to explain why the parties could not develop a joint discovery plan for both cases. *See id.* ("[a]t this time, the development of a joint discovery plan may prove more useful in mitigating any potential hardships on [d]efendant and would better serve the interests of justice than a limitless stay"). Thus, the Court finds that the interests of justice would not be served by staying Lewis's case pending resolution of the *Cavanaugh* litigation at this time.

## CONCLUSION

For these reasons, the Court **DENIES** the Motion to Sever Claims and Transfer to the Northern District of Illinois, or Alternatively to Stay this Action pending resolution of a related class action, *Cavanaugh, et al. v. Lytx Inc., et al.*, 1:21-cv-05427 (N.D. Ill.) ("*Cavanaugh* litigation"), filed by Lytx, Inc. ("Lytx"). (Doc. 33). Lytx's answer is due on or before **December 19, 2022**.

IT IS SO ORDERED.

DATED:  December 5, 2022

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**