IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA LEWIS, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MAVERICK TRANSPORTATION LLC, and LYTX, INC.,**<br><br>**Defendants.** | Case No. 3:22-cv-46-NJR |

# FINAL APPROVAL ORDER

**ROSENSTENGEL, Chief Judge:**

This matter came before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Request for Attorney's Fees, Litigation Costs, Settlement Administration Costs, and Plaintiff's Service Award. The Court held a hearing on March 9, 2023. Having reviewed and considered the motions, including all supporting documents, the Court **ORDERS AS FOLLOWS:**

1. Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all parties, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the

Action as against Maverick, considering the costs, risks, and delay of trial and appeal. The Agreement is the result of serious, informed and arm's length negotiations between the Parties.

4. The Court entered an Order granting preliminary approval of the Agreement on November 30, 2022,[1] and approved the notice plan described therein. Settlement Class members had a period of 45 days to notify Class Counsel of their desire to be excluded from the Settlement Class or object to the terms of the Agreement.

5. Settlement Class members had the opportunity to comment or object to the Agreement at the Final Fairness hearing on March 9, 2023. No class member appeared at the hearing.

6. The Court hereby approves the Agreement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. The Court finds that the Settlement Class meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the following reasons: (a) the Settlement Class is sufficiently numerous to make joinder impracticable, (b) questions of law and fact common to the Settlement Class predominate over any individual questions, (c) the claims of Plaintiff are typical of the Settlement Class, (d) Plaintiff and his counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class, and (e) the class action procedure is the superior method of resolving the claims against and defenses raised by Maverick. The

---

[1] The Court entered an Amended Preliminary Approval Order on December 12, 2022. (Doc. 48).

following Settlement Class is finally certified for the purposes of effecting the Settlement embodied in the Agreement:

> All Maverick employees who are or were Illinois residents and allegedly had their biometrics collected, captured, received, or otherwise obtained, by Maverick while within the State of Illinois during the time period of five years before the Action was filed through August 1, 2022.

8. The Court confirms appointment of Plaintiff as the Settlement Class Representative and his counsel as Class Counsel.

9. Notice of the pendency of this Action as a class action, of the Settlement, and of the request for attorneys' fees and expenses, as well as a service award, was given to all Settlement Class members reasonably identifiable by the records of Maverick at the respective addresses set forth in such records. The Court finds that the form, content, and method of dissemination of the Class Notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable under the circumstances. The Class Notice, as given, provided valid, due, and sufficient notice of these proceedings, of the Settlement, and of the terms and conditions set forth in the Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, constitutional due process, and all other applicable laws.

10. In accord with the Agreement, the claims against Maverick are hereby dismissed with prejudice, with each party to bear its own costs, except as expressly provided in the Agreement.

11. By operation of this judgment, all members of the Settlement Class who have not timely and properly submitted a request for exclusion are deemed to have

absolutely and unconditionally released and forever discharged the Released Claims as defined in paragraph 9.1 of the Agreement, and are forever barred and enjoined from commencing, instituting or maintaining any Released Claims against Maverick or any other the Released Party.

12. The Court hereby approves the Agreement as fair and reasonable, and Class Counsel or its designated agent is directed to administer the Settlement in accordance with its terms and provisions.

13. The Court has reviewed Class Counsel's request for attorneys' fees and reimbursement of litigation expenses and awards Class Counsel fees in the amount of $18,931.44, litigation expenses in the amount of $1,745.10, and notice and administration costs in the amount of $1,625.32. The Court awards the Settlement Class Representative a service award in the amount of $5,000. These awards are reasonable under applicable law and in line with awards in similar cases.

14. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Judgment and Order, or the Agreement.

15. In the event that this Final Judgment and Order is reversed on appeal or otherwise does not become final, (i) this Final Judgment and Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Agreement, the Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to Maverick, less settlement

administrative expenses actually incurred and paid, and (iv) the claims against Maverick shall proceed as provided in the Agreement.

16. Neither the Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Agreement or of this Final Judgment and Order, except that the Released Parties may file the Agreement and/or this Final Order and Judgment in any proceeding brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**IT IS SO ORDERED.**

DATED:  March 9, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**