IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEWIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAVERICK TRANSPORTATION LLC, and LYTX, INC.,<br><br>Defendants. | Case No. 3:22-cv-46-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On November 17, 2021, Plaintiff Lewis filed a Class Action Complaint against Maverick Transportation LLC ("Maverick") and Lytx in the Third Judicial Circuit of Madison County, Illinois. Lewis was employed with Maverick as a truck driver. (Doc. 1-2, p. 24). Lytx is a "video telematics and fleet management systems corporation based out of San Diego, California, and provides video and analytics services to the transportation industry." (*Id.* at p. 21). One of the products Lytx provides to customers is the SF-300 DriveCam ("DriveCam"). The DriveCam records video of the inside of trucks to monitor drivers. (*Id.*). According to Lewis, the DriveCam "scans the driver's face geometry and harnesses those biometric data points by feeding them into sophisticated algorithms that identify the driver's actions, in what amount to constant AI surveillance." (*Id.*). In 2020, Maverick contracted with Lytx to install the DriveCam technology into its trucks. Lewis alleges his truck was retrofitted with Lytx's DriveCam technology around October 2020. (*Id.* at p. 37).

Lewis alleges that Maverick and Lytx violated the Illinois Biometric Information Privacy Act (BIPA), 740 ILL. COMP. STAT. § 14/1 *et seq*. Specifically, Lewis alleges Lytx[1] violated sections 15(a), 15(b), and 15(c) of BIPA. Under BIPA, a private entity must establish and make publicly available a protocol for retaining and handling biometric data. 740 ILCS 14/15(a). This data must be destroyed "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." *Id*. A "private entity" must first inform the subject or "the subject's legally authorized representative" in writing about the purpose of collecting the data, how long the data will be kept, and obtain consent of the subject or authorized representative. 740 ILCS 14/15(b). Sales, leases, trades, or further actions in which a private entity may profit from a person's biometric information are prohibited. 740 ILCS 14/15(c).

On January 10, 2022, Maverick and Lytx removed the case to this Court, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1). Specifically, Defendants assert that this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d). After removing, Defendant Lytx sought five extensions to responsively plead—and, as a result, this action was delayed from January 2022 to June 2022. (Docs. 9, 15, 20, 24, 31). Then on June 24, 2022, Lytx filed its Motion to Sever Claims and Transfer to the Northern District of Illinois, or Alternatively to Stay this Action—noting that "[i]n more than eight months since the Cavanaugh Action was filed, the case has progressed significantly." (Doc. 33,

---

[1] On March 9, 2023, Maverick was dismissed with prejudice. (Doc. 63, p. 3).

p. 5). On December 5, 2022, the Court denied the Motion to Sever Claims and Transfer to the Northern District of Illinois, or Alternatively to Stay this Action. (Doc. 47). Lytx then filed a Motion to Dismiss. (Doc. 51).

## ANALYSIS

### I. Does BIPA Require Lewis to Plead that Data Collected by Lytx is Used to Identify Him?

Lytx argues that "BIPA requires Plaintiff to plead that data derived from Lytx's DriveCam device is used to identify someone." (Doc. 50, p. 7). Lytx notes that "biometric information must be both 'based on an individual's biometric identifier' and 'used to identify an individual.'" (*Id*. at p. 8) (quoting 740 ILCS 14/10) (emphasis added). Lytx's argument follows that "Plaintiff does not plausibly plead that a 'scan of face geometry' was used to identify him." (*Id*. at p. 11). According to Lytx, "plaintiff's allegations focus on the DriveCam device's ability to monitor drivers' *actions* and *behaviors*." (*Id*. at p. 12). Also, Lytx asserts "Plaintiff does not allege that he provided Lytx with any information—like his name or address—that could connect an alleged scan of his face geometry with his identity." (*Id*. at p. 13).

"[I]t is a simple conclusion that BIPA does not require a 'biometric identifier' to be used to identify an individual." *Melzer v. Johnson & Johnson Consumer Inc.*, 2023 WL 3098633, at *3 (D.N.J. Apr. 26, 2023). The Seventh Circuit has noted that "[BIPA] provides robust protections . . . by regulating the collection, retention, disclosure, and destruction of biometric identifiers or information—for example, retinal scans, fingerprints, or facial geometry." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1242 (7th Cir. 2021) (citing 740 ILCS 14/1 *et seq.*) (emphasis added). Indeed, in *Bryant v. Compass Grp. USA, Inc.*,

958 F.3d 617 (7th Cir. 2020), the Seventh Circuit acknowledged that "[t]he judgment of Illinois's General Assembly is that the sensitivity of biometric information and the risk of identity theft or other privacy or economic harm that may result from its dissemination, necessitates that people be given the opportunity to make informed choices about to whom and for what purpose they will relinquish control of that information." *Id*. at 626. The Court did not observe that the purpose of BIPA is to ensure *how* an individual's data is used. Instead, "[t]he text of the statute demonstrates that its *purpose is to ensure that consumers understand*, before providing their biometric data, how that information will be used, who will have access to it, and for how long it will be retained." *Id*. (emphasis added).

Accordingly, the Court finds that BIPA does not require Lewis to plead that the data collected by Lytx is used to identify him.[2]

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Lytx (Doc. 51) is **DENIED**. This action will proceed on all of Lewis's claims.

**IT IS SO ORDERED.**

**DATED: June 26, 2023**

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] Even if BIPA requires Lewis include such allegations, "[t]he Complaint alleges that the Lytx system does identify him." (Doc. 52, p. 19).