IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAVERICK TRANSPORTATION LLC, and LYTX, INC.,<br><br>Defendants. | Case No. 3:22-CV-00046-NJR |

## <u>PRELIMINARY APPROVAL ORDER</u>

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). (Doc. 122). The Motion attaches and incorporates a Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") (Doc. 125) that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class wide basis, between Plaintiffs Joshua Lewis, Nathaniel Timmons, and James Cavanaugh ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Lytx, Inc. ("Lytx" or "Defendant" and, along with Plaintiffs, the "Parties").

    Having carefully considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, as set forth below, the Court finds that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Federal Rule of Civil

Procedure 23(e)(2). The Court likewise finds that it will likely be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3), and that the proposed plan of notice (the "Notice Program") to the Settlement Class is the best notice practicable under the circumstances and consistent with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2). Accordingly, a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter judgment approving the Settlement and an order of dismissal of this action based upon the Settlement. For these reasons, the Court **GRANTS** the Motion and **ORDERS** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) and personal jurisdiction over the Parties and the members of the Settlement Class.

**PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

4. The Court finds that, subject to the Final Approval Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class.

5. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation.

6. The Court further finds that Plaintiffs and Class Counsel have adequately

represented, and will continue to adequately represent, the Class.

7. The Court further preliminarily finds that the Settlement is substantively fair. The Court will assess Class Counsel's request for attorneys' fees and expenses after receiving a motion from Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses creates no reason not to grant the Motion and direct notice to the Class.

8. The Court preliminarily finds that the Settlement relief provided—a $4,250,000 non-reversionary settlement fund ("Settlement Fund")—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of further litigation, trial and appeal, the alleged harm to the Class, the proposed method of distributing payments to the Class and the absence of any agreement required to be identified under Rule 23(e)(3).

9. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of a mediator; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Lytx.

**CERTIFICATION OF THE SETTLEMENT CLASS**

10. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement, the Court preliminarily

approves the following settlement class ("Settlement Class"):

All individuals who, while present in the State of Illinois, operated a vehicle equipped with a Lytx DriveCam® Event Recorder ("DriveCam"), and for whom machine vision and artificial intelligence ("MV+AI") was used to predict distracted driving behaviors between October 12, 2016, and the earlier of Preliminary Approval or January 1, 2025.

11. Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.

12. All Persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

13. For purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b)(3), as the prerequisites thereunder appear to be met, including (1) that the Settlement Class is sufficiently numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (e.g., whether Lytx collected and stored Settlement Class Members' biometric data, without consent, through dash cam devices in a manner that violated BIPA, and whether Plaintiffs

and the Settlement Class Members are entitled to uniform statutory damages under BIPA); (3) that Plaintiffs' claims are typical of the claims of the Settlement Class; (4) that Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (5) that a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

14. Under Federal Rule of Civil Procedure 23, and for settlement purposes only. Plaintiffs Joshua Lewis, James Cavanaugh, and Nathaniel Timmons are hereby appointed Class Representatives, and the following are hereby appointed as Class Counsel: Carney Bates & Pulliam PLLC; Lieff Cabraser Heimann & Bernstein LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Workplace Partners, P.C.; Werman Salas P.C.; and Nick Larry Law LLC.

15. The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined above.

16. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect. The Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

## NOTICE AND ADMINISTRATION

17. The Court directs the Settlement Administrator to perform the functions and duties set forth in the Settlement Agreement and to provide such other

administration services as are reasonably necessary to facilitate the completion of the Settlement.

18. The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement ("Notice Program"). The Court finds that the Notice Program is reasonably calculated to apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court finds that the Notice Program constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members. The Court further finds that the Notice Program constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary.

19. The Court hereby approves the Notice Program and the form, content, and requirements of the Postcard Notice attached as Exhibit C to the Settlement Agreement, the Email Notice attached as Exhibit B to the Settlement Agreement, and the Long Form Notice attached as Exhibit D to the Settlement Agreement (the "Notices"), and the Claim Form attached as Exhibit E to the Settlement Agreement (the "Claim Form").

20. The Court finds that the Notices clearly and concisely state in plain, easily understood language, *inter alia*: (a) the nature of the case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that the Court will exclude from the Settlement Class any Settlement Class member who timely and validly requests exclusion; (e) the time and manner for requesting such exclusion; and (f) the binding effect of a class judgment on Settlement Class members under Rule 23(c)(3). The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

21. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendant shall promptly provide written notice of the proposed Settlement to the appropriate authorities.

22. The Settlement Administrator shall cause the Notice Program to be executed within **70 days** following the entry of this Order (the "Notice Date"). Class Counsel, prior to the Final Approval Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program.

23. No later than the Notice Date, the Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

24. No later than **16 days** prior to the Final Approval Hearing, the Settlement Administrator shall serve on counsel for all Parties a declaration stating that the

Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order, and that the CAFA Notice was served. The Settlement Administrator shall likewise provide Defendant and Class Counsel with a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

## SUBMISSION OF CLAIMS AND REQUESTS FOR EXCLUSIONS

25. Settlement Class Members who wish to receive benefits under the Settlement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. To be timely, Claim Forms must be postmarked or received by the Settlement Administrator by **June 25, 2025**. Settlement Class Members who do not submit a claim and those who do not submit a timely and valid claim will not receive a payment under the Settlement, but they will be bound by the Settlement.

26. The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse and fraud, and deny claims where there is evidence of abuse or fraud. The Settlement Administrator may reject any claim that is not submitted by a Settlement Class Member; that does not comply in any material respect with the instructions on the Claim Form; or that is submitted after the Claims Deadline.

27. As set forth in the Settlement Agreement, each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within **21 days** of the

date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form. Each and every member of the Settlement Class who does not timely and validly submit a claim shall be forever barred from participating in any distributions of the Settlement Fund, and shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement, unless such person requests exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

28. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail a request for exclusion to the Settlement Administrator. The request for exclusion must be in writing, must be mailed to the Settlement Administrator at the address specified in the Notice, must be postmarked no later than **60 days** following the Notice Date ("Opt-Out Deadline"), must include (a) his/her full name, address, and current telephone number; (b) the entity or entities for whom they drove and when; (c) all grounds for the request to be excluded, with factual and legal support for the stated request, including any supporting materials; (d) the identification of any other exclusion requests he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last five years; and (e) the requestor's signature. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class,

may request exclusion of any other member of the Settlement Class from the Settlement.

29. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Lytx.

30. All members of the Settlement Class who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against Lytx.

31. The Settlement Administrator shall promptly provide all Parties with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

## APPEARANCES AND OBJECTIONS

32. Any member of the Settlement Class who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and costs, or to the Service Awards to the Class Representatives must file with the Court a written statement (along with any supporting papers), postmarked or filed on or before **60 days** following the Notice Date ("Objection Deadline"), that includes a caption or title that identifies it as "Objection to Class Settlement in *Lewis, et al. v. Lytx, Inc.*, Case No. 3:22-cv-00046-NJR." The written statement must also include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a

Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through their Objecting Attorneys who shall file an appearance with the Court in accordance with the Local Rules); (6) a list of all class action settlements to which the objector has lodged an objection in the last five years; (7) the objector's handwritten or electronically imaged written signature; and (8) if a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, a statement identifying each such case by full case caption and amount of payment received.

33. A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard

orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and costs and/or the request for a Service Award to each of the Class Representatives will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing.

34. Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

35. Any challenge to the Settlement Agreement or the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## FINAL APPROVAL HEARING

37. The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) will be held before this Court on **July 24, 2025**, at **1:30 p.m.** for the following purposes: (i) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met; (ii) to determine whether the Settlement is fair, reasonable, adequate, and in the

best interests of the Class, and should be given final approval by the Court; (iii) to determine whether the judgment as provided under the Settlement Agreement should be entered, dismissing this Action with prejudice and releasing all Released Claims; (iv) to consider the application for an award of attorneys' fees and expenses of Class Counsel; (v) to consider the application for a Service Award to each of the Class Representatives; (vi) to consider the distribution of the Settlement benefits under the terms of the Settlement Agreement; and (vii) to rule upon such other matters as the Court may deem appropriate.

38. On or before **21 days** after the Notice Date, Class Counsel shall file any application for attorneys' fees and expenses and Service Awards to the Class Representatives (the "Fee Petition").

39. No later than **14 days** prior to the Final Approval Hearing, Plaintiffs shall file papers in support of final approval of the settlement.

40. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

41. For clarity, the deadlines the Parties and members of the Settlement Class shall adhere to are as follows:

| EVENT | DATE |
|---|---|
| Notice Date | March 28, 2025 |
| Class Counsel's Fee and Cost Application | April 18, 2025 |
| Claims Deadline | June 25, 2025 |
| Objection/Opt-Out Deadline | May 28, 2025 |
| Plaintiff's Motion for Final Approval | July 10, 2025 |
| Final Approval Hearing | July 24, 2025 |

42. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## FURTHER MATTERS

43. To facilitate the Settlement, Plaintiffs are **GRANTED** leave to file an Amended Class Action Complaint solely for the purpose of adding Plaintiffs Cavanaugh and Timmons.

44. All discovery and other pretrial proceedings in the Action as between Plaintiffs and Lytx are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement and this Order.

45. The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Lytx, which vigorously denies all of the claims and allegations raised in the Action.

46. In the event that the Settlement is terminated under the terms of the Settlement, or if for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement shall be null and void, including any

provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion. This Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

47. Pending the final determination of whether the Settlement should be approved, any member of the Class is hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claim which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately

terminated.

48. The Court retains Jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

**DATED:  January 17, 2025**

*/s Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**