# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAVERICK TRANSPORTATION LLC, and LYTX, INC.,<br><br>Defendants. | Case No. 3:22-CV-00046-NJR |

# FINAL APPROVAL ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement (the "Motion"). (Doc. 132). The Motion references and incorporates a Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") (Doc. 125) that, together with the attached exhibits, sets forth the terms and conditions for the settlement of claims, on a class-wide basis, between Plaintiffs Joshua Lewis, Nathaniel Timmons, and James Cavanaugh ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Lytx, Inc. ("Lytx" or "Defendant," and, along with Plaintiffs, the "Parties").

Having carefully considered the Motion, the Settlement Agreement together with its exhibits and attachments, the record in this matter, and all the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, the Court **ORDERS** as follows:

1. This Final Approval Order ("Order") incorporates by reference the definitions in the Settlement Agreement (Doc. 125). All terms defined in the Settlement Agreement shall have the same meaning in this Order.

2. The Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d).

### CERTIFICATION OF THE SETTLEMENT CLASS

3. The Court preliminarily certified the Settlement Class in its Preliminary Approval Order. (Doc. 126).

4. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e), and solely for purposes of settlement, the Court certifies of the following Settlement Class:

> All individuals who, while present in the State of Illinois, operated a vehicle equipped with a Lytx DriveCam® Event Recorder ("DriveCam") and for whom machine vision and artificial intelligence ("MV+AI") was used to predict distracted driving behaviors between October 12, 2016, and January 1, 2025.

5. For settlement purposes only, the Court confirms the appointment of Plaintiffs Joshua Lewis, Nathaniel Timmons, and James Cavanaugh as Class Representatives of the Settlement Class, and finds that they have adequately represented the Settlement Class.

6. For settlement purposes only, the Court confirms the appointment of the following law firms as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class: Carney Bates & Pulliam PLLC; Lieff Cabraser Heimann & Bernstein LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Fish Potter Bolanos, P.C.; and Werman Salas P.C.

7.  For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (*e.g.*, whether Lytx collected and stored Settlement Class Members' biometric data, without consent, through dash cam devices in a manner that violated BIPA, and whether Plaintiffs and the Settlement Class Members are entitled to uniform statutory damages under BIPA); (3) Plaintiffs' claims are typical of the claims of the Settlement Class; (4) Plaintiffs and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a class action is a superior method of fairly and efficiently adjudicating this Action.

## FINAL APPROVAL OF THE SETTLEMENT AND NOTICE PROGRAM

8.  The Court approves the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval pursuant to Federal Rule of Civil Procedure 23(e)(2), including whether:

   (A)  the Class Representatives and Class Counsel have adequately represented the Settlement Class;

   (B)  the Settlement was negotiated at arm's length;

   (C)  the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service award, including the timing of payment and

        any justification for the awards; and (iii) any agreement required to be identified under Rule 23(e)(3); and

    (D)    the Settlement treats Settlement Class Members equitably relative to each other.

The Court has also considered other factors relevant to class settlement approval, including, *inter alia*, "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (quotation marks omitted).

    9.    Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representatives and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a day-long mediation conducted by a neutral mediator; the Settlement provides meaningful monetary benefits (*i.e.* a $4,250,000 non-reversionary settlement fund (the "Settlement Fund")) to Settlement Class Members, and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the circumstances of this Action, including the risks, complexity, expense and

duration of the Action, as well as the reaction of the Settlement Class. The Court further finds that there is no evidence of collusion in connection with the Settlement Agreement, implicit or otherwise.

10. The Court finds that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (a) the nature of the case; (b) the terms of the Settlement, including the definition of the Settlement Class; (c) the class claims and issues; (d) the procedure for objecting to or opting out of the Settlement; (e) that the Court will exclude from the Settlement Class any Settlement Class member who timely and validly requests exclusion; (f) the time and manner for requesting such exclusion; (g) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (h) important dates in the settlement approval process, including the deadlines to request exclusion or object and the date of the Final Approval Hearing; (i) Class Counsel's request for an award of reasonable attorneys' fees and expenses; (j) the Class Representatives' application for a service award; and (k) the binding effect of a class judgment on Settlement Class members under Rule 23(c)(3).

11. The Court reaffirms its appointment of the Settlement Administrator to perform the functions and duties of notice and settlement administration as set forth in the Settlement Agreement and to provide such other administration services as are

reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12. The Court notes, moreover, that no objections or opt-outs were filed in connection with the Settlement.

13. The Court **APPROVES** the Settlement in all respects and orders that the Settlement Agreement be consummated and implemented in accordance with its terms and conditions.

14. The Parties, without further approval from the Court, are authorized to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

15. The Court shall retain exclusive and continuing jurisdiction to resolve any disputes or challenges that may arise in connection with the Settlement Agreement, including any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order, or the Settlement Agreement.

16. In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to the Defendant, less settlement administrative expenses actually incurred and paid, and

(iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

17. Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

## DISMISSAL AND FINAL JUDGMENT

18. Upon issuance of Final Judgment in this case, the Action will be dismissed with prejudice, with each party to bear its own costs.

19. Upon the Effective Date and by operation of this Order, the Releasing Parties (including Plaintiffs and those Settlement Class Members who do not timely exclude themselves from the Settlement Class), and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, continuing, pursuing, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in

the Settlement) against any Released Party based on the Released Claims.

20. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Agreement will be binding on and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties.

21. The Court thus **GRANTS** Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement (Doc. 132).

22. This Court directs entry of this Order and Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS**

23. The Court also has considered Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Doc. 128), the supporting memorandum of law (Doc. 129), and the declaration of Class Counsel (Doc. 130). The Court finds, based on its review of the relevant submissions, that (i) the payment of attorneys' fees in the amount of one-third of the Settlement Fund, or $1,416,666.67, and (ii) the reimbursement of out-of-pocket litigation expenses in the amount of $63,495.79 are reasonable under Rule 23. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

24. The Court further finds that the requested service awards to each of the three Class Representatives are fair and reasonable. As such, the Court approves a service

award to each Class Representative in the amount of $10,000, to be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

25. The Court thus **GRANTS** Plaintiffs' counsel's unopposed Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Doc. 128).

**IT IS SO ORDERED.**

**DATED:  July 25, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**